## TOTE, et al.

v.

## IBERIA INTERNATIONAL AIRLINES.

Civ. A. No. 86–0962.

United States District Court,
E.D. Pennsylvania.

Dec. 8, 1986.

Steven R. Pounian, Kreindler & Kreindler, New York City, for plaintiffs.

Joseph G. DeRespino, Hoyle, Morris & Kerr, Philadelphia, Pa., Michael J. Holland, Condon & Forsyth, New York City, of counsel, for defendant.

## MEMORANDUM AND ORDER

KATZ, District Judge.

This action arises out of the death of Michele Tote in the crash of an Iberia Boeing 727 jet during a flight from Madrid to Bilboa, Spain on February 14, 1985. The estate of the decedent has brought a wrongful death action against Iberia. Presently before this Court is defendant Iberia's motion to dismiss the complaint for lack of jurisdiction based upon the provisions of the Foreign Sovereign Immunities Act of 1976 (FSIA), 28 U.S.C. §§ 1602–1611. In this motion, Iberia alleges it is an "agency or instrumentality of a foreign state," over which, according to the Foreign Sovereign Immunities Act, 28 U.S.C. § 1603, this court lacks jurisdiction.

### I *Facts*

At the time of the decedent's death, she was travelling on a round trip ticket, purchased in Spain, from Madrid to Bilboa, Spain. Defendant Iberia's aircraft was flown into a transmission tower and crashed, killing all aboard. The plaintiff in this case is Louis Tote, decedent's father and Administrator of her estate. The decedent had been a citizen and resident of Pennsylvania.

Defendant Iberia is an international airline engaged in the business of commercial air transport. Iberia is a corporation organized and existing under the laws of the Republic of Spain with its head office and

principal place of business in Madrid, Spain. A political subdivision of Spain, the Instituto Nacional De Industria, owns the majority of Iberia's shares of stock.

Iberia maintains 14 business offices in the United States, and operates over 1500 flights to and from the United States. Iberia purchases a majority of its fleets from United States manufacturers. It also advertises and sells tickets in the United States.

## II *Sovereign Immunity Question*

Defendant Iberia argues that this court lacks subject matter jurisdiction because the Foreign Soverign Immunities Act of 1976 [1] renders Iberia immune from the jurisdiction of the courts of the United States under the facts presented. The FSIA is "the sole basis for federal subject matter jurisdiction in civil actions against agencies or instrumentalities of foreign sovereigns." *Rex v. CIA Pervana de Vapores, S.A.*, 660 F.2d 61, 62 (3d Cir.1981), *cert. denied* 456 U.S. 926, 102 S.Ct. 1971, 72 L.Ed.2d 441 (1982). Iberia claims that it qualifies as a "foreign state" within the meaning of 28 U.S.C. § 1603(a) [2] and that the exceptions to sovereign immunity in the FSIA do not apply to Iberia in this case. Plaintiff Tote argues that the "commercial activities" exceptions contained in § 1605(a)(2) are applicable to the facts of this action. Under this exception, "a foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case ... in which the action is based upon commercial activity carried on in the United States by the foreign state." 28 U.S.C. § 1605(a)(2).

This exception requires that the action be based upon the foreign state's "commercial activity." Section 1603 defines "commer-

cial activity" as "either a regular course of commercial conduct or a particular commercial transaction or act;" and defines a "commercial activity carried on in the United States by a foreign state" as "commercial activity carried on by such state and having substantial contact with the United States." 28 U.S.C. § 1603(d) and (e).

Plaintiff is correct that, under this exception, the defendant's negligence and the injury need not occur in the United States, *E.G. Ohntrup v. Firearms Center, Inc.*, 516 F.Supp. 1281, 1285 (E.D.Pa.1981), *aff'd* 760 F.2d 259 (3d Cir.1985). However, the fact that Iberia's commercial activity has substantial contact with the United States does not suffice as the basis of jurisdiction for plaintiff's grievance in this case. For an action to be based upon a foreign state's commercial activity carried on in the United States, a nexus must exist between that commercial activity and the plaintiff's grievance. *Sugarman v. Aeromexico, Inc.*, 626 F.2d 270 (3d Cir.1980). *See also Velidor v. L/P/G Benghazi*, 653 F.2d 812, 820 (3d Cir.1981), *cert. dismissed*, 455 U.S. 929, 102 S.Ct. 1297, 71 L.Ed.2d 474 (1982). Plaintiff in *Sugarman* sued Aeromexico, the national airline of Medico, for injuries caused by a flight delay at Acapulco airport. Aeromexico was a carrier of passengers between Mexico and the United States and conducted substantial airline operations in the United States. Plaintiff purchased Aeromexico tickets in New Jersey. The court found a sufficient relationship between plaintiff's injury and Aeromexico's commercial activities in the United States to permit the lawsuit. *Id.* at 272–73.

Plaintiff in this case has failed to show the requisite nexus between this

---

1. Act of October 21, 1976, Pub.L. No. 94–583, 90 Stat. 2891 (1976), *codified at* 28 U.S.C. §§ 1330, 1332(a)(2)—1332(a)(4), 1391(f), 1441(d) and 1602–1611.

2. A "foreign state", as defined in 28 U.S.C. § 1603(a), includes "an agency or instrumentality of a foreign state," which is further defined to mean any entity:

    (1) which is a separate legal person, corporate or otherwise, and

    (2) which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof, and

    (3) which is neither a citizen of a State of the United States as defined in section 1332(c) and (d) of this title, nor was created under the laws of any third country.

28 U.S.C. § 1603(b).

grievance—the airline's alleged negligence causing the crash—and Iberia's commercial activity carried on in the United States.[3] The factors present in *Sugarman* upon which the Court determined the plaintiff's claim was "based upon a commercial activity carried on [by Iberia] in the United States" 28 U.S.C. § 1605(a)(2) (clause 1) are not present here. Unlike that of the *Sugarman* plaintiff, plaintiff's decedent's flight was a domestic flight within Spain, and plaintiff's tickets were not purchased in the United States, but in Spain. There is no nexus between Tote's grievance and Iberia's commercial activity in the United States. *See also Tucker v. Whitaker Travel, LTD*, 620 F.Supp. 578, 585 (E.D.Pa.1985) (absence of requisite nexus between plaintiff's injury and defendant's commercial activity, when this activity consists of advertising to promote tourism). Since the facts of this case do not come within any exception to the FSIA, this court lacks subject matter jurisdiction. Defendant Iberia's motion to dismiss is granted.

I will, however, exercise my discretion to stay the order dismissing the Complaint for a period of six months and until further order of the Court pending final action on the U.S. Department of Transportation's January 21, 1986 Order proposing that foreign air carriers' permits be amended to include a waiver of sovereign immunity. That Order purports to apply to pending actions. If that Order is adopted and provides for an effective waiver of sovereign immunity by defendant as to this case, it would be unjust to bar plaintiff's day in this court by the running of the statute of limitations.

---

3. Plaintiff argues that "[t]here is simply no fair basis under the Act to deny jurisdiction where a New Yorker files an action for the death of his daughter, a Pennsylvania businesswoman, against a foreign state defendant which regularly avails itself of the advantages of conducting business in the United States." There is no legal basis for such jurisdiction under FSIA.