**Miguel SANTOS, Plaintiff–Appellant,**

v.

**COMPAGNIE NATIONALE AIR FRANCE, Defendant–Appellee.**

**No. 90–3059.**

United States Court of Appeals, Seventh Circuit.

Argued April 2, 1991.

Decided June 13, 1991.

---

Timothy Quinn, William E. Reynolds, Chicago, Ill., for plaintiff-appellant.

Michael J. Sehr, Haskell & Perrin, Chicago, Ill., for defendant-appellee.

Before CUMMINGS and RIPPLE, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

ESCHBACH, Senior Circuit Judge.

Miguel Santos ("Santos") appeals the District Court's dismissal of his suit against Compagnie National Air France ("Air France"). According to his Complaint, Santos was working at Orly Airport in Paris when an Air France employee injured him by negligently driving a vehicle into a loading platform. The District Court held that Air France is immune from suit in the United States on these facts under 28 U.S.C. § 1604. We affirm because Air France's commercial activities in the United States are unrelated to the legal elements of Santos' claim.

## Discussion

The Foreign Sovereign Immunities Act, 28 U.S.C. § 1602–11, (the "Immunities Act") provides foreign governments and certain of their instrumentalities with limited immunity from suit in the United States. Air France receives this limited immunity as an "entity ... a majority of whose shares ... is owned by a foreign state." 28 U.S.C. § 1603(b)(2). One of the limits on this immunity is that it is unavailable "in any case ... in which the action is based upon a commercial activity carried on in the United States" by the foreign government or entity. 28 U.S.C. § 1605(a)(2) [clause one].[1] The dispute in this case is whether

1. 28 U.S.C. § 1605(a)(2) provides in full:

(a) A foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case—

Santos' action is "based upon" commercial activity in the United States by Air France. As always, we review the grant of a motion to dismiss *de novo*. *See, e.g., Janowsky v. United States*, 913 F.2d 393, 395 (7th Cir. 1990).

Santos argues that his injury at Orly is "based upon" Air France's execution of an airplane lease in the United States with Santos' employer, American Trans Air ("American"). We do not have a copy of the lease as part of the record, but the parties agree that it required American to provide Air France with maintenance workers at Orly. Santos was one of these workers, and he would not have been at Orly in a position to be injured but for this lease. Santos could go further by arguing that it was reasonably foreseeable to Air France that he, or at least *some* worker that American provided under the lease, would be injured while at Orly.

But Santos does not claim any rights under the lease as a third party beneficiary or otherwise.[2] Rather he is suing Air France because it was an Air France employee who was driving the vehicle that caused his injury. Complaint, ¶¶ 9, 10;

\* \* \*

(2) in which the action is based [clause 1—] upon a commercial activity carried on in the United States by the foreign state; or [clause 2—] upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or [clause 3—] upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States.

Only the first clause, dealing with "commercial activity carried on in the United States" is at issue in this case.

We note that the other two clauses contain the same "based upon" language that we apply under clause one. Cases applying the second clause are rare to the point of vanishing. We have found only one appellate case that does so, *Gilson v. Republic of Ireland*, 682 F.2d 1022, 1027 (D.C.Cir.1982), and that case, which involved the apparently fraudulent "enticement" of a plaintiff to work abroad, probably could have been decided under clause one instead (the court in that case expressly stated that it was not reaching the applicability of the other clauses). The House Report that accompanied the Immunities Act acknowledges the overlapping nature of clauses one and two, stating that

Brief and Argument of Plaintiff–Appellant, p. 5. From everything Santos has argued, if it had been an El Al or Alitalia employee who had been driving, Santos would be suing one of those airlines instead.

■ On these facts, Santos' claim is not "based upon" anything that Air France did in the United States, although this conclusion requires a brief discussion of what "based upon" means. This Court and most others have stated that the term "based upon" requires an "identifiable nexus" between the claim and the commercial activity at issue. *See, e.g., Rush–Presbyterian–St. Luke's Medical Center v. Hellenic Republic*, 877 F.2d 574, 582 & n. 10 (7th Cir.1989) (collecting various cases in note), *cert. denied* — U.S. ——, 110 S.Ct. 333, 107 L.Ed.2d 322 (1989). One recent case states that "[t]he nexus requirement implies a bond or link that connects the foreign state to the wrongful act for which it is sought to be held liable." *Nelson v. Saudi Arabia*, 923 F.2d 1528, 1534 (11th Cir.1991). Other cases refer simply to a "connection" between the claim and the commercial acts. *See, e.g., Gould, Inc. v.*

"some or all" of the cases that would come within the scope of clause two would also be within clause one. H.R.Report No. 1487, 94th Cong., 2nd Sess. 19, *reprinted in* 1976 U.S.Code Cong. & Admin.News 6604, 6618. The "or all" part of this statement is probably the more accurate. The House Report states that acts that establish jurisdiction under clause two "are limited to those which in and of themselves are sufficient to form the basis of a cause of action." *Id.* Acts that are sufficient in and of themselves to establish a cause of action will almost always (almost, because under clause two the activity in the United States need not itself be a "commercial" act) establish jurisdiction under the analysis we use for clause one.

We briefly discuss the relationship of the third clause of § 1605(a)(2) to the first in note 3.

2. Santos' counsel did not request discovery relating to the lease. In general, plaintiffs are entitled to conduct discovery for the limited purpose of establishing jurisdictional facts under the Immunities Act prior to any dismissal. *See, e.g., Filus v. Lot Polish Airlines*, 907 F.2d 1328, 1332 (2d Cir.1990) (reversing dismissal so that plaintiffs could serve interrogatories to establish the defendant's contacts with the United States).

*Pechiney Ugine Kuhlmann,* 853 F.2d 445, 452 (6th Cir.1988).

The question that remains is what level of "nexus," "bond," "link," or "connection" is necessary. We conclude that a claim is "based upon" events in the United States if those events establish a legal element of the claim. *See Callejo v. Bancomer, S.A.,* 764 F.2d 1101, 1109 (5th Cir.1985) (stating that "the emphasis should be on the elements of the cause of action itself" in determining jurisdiction under the Immunities Act); *Gilson v. Republic of Ireland,* 682 F.2d 1022, 1027 n. 22 (D.C.Cir.1982) (stating that jurisdiction would be present if the plaintiff could show conduct in the United States that would be "an element of the cause of action under whatever law governs his claims"); *see also Joseph v. Office of the Consulate General,* 830 F.2d 1018, 1023 (9th Cir.1987) (stating, "In determining whether the commercial activities exception applies, the courts focus only on those *specific* acts that form the basis of the suit") (emphasis original), *cert. denied* 485 U.S. 905, 108 S.Ct. 1077, 99 L.Ed.2d 236 (1988).

This approach follows the plain language of the Immunities Act. Again, the Act states that United States courts have jurisdiction in any case in which "the *action* is based upon" certain events. 28 U.S.C. § 1605(a)(2) (emphasis added). An action is based upon the elements that prove the claim, no more and no less. If one of those elements consists of commercial activity within the United States or other conduct specified in the Act, this country's courts have jurisdiction.

In particular, a usual element of a plaintiff's case is showing that the defendant owed him or her some duty.[3] If the duty arose from commercial acts in the United States, then United States courts have jurisdiction, even if the acts that breached the duty all occurred elsewhere. Along these lines, the House Report that accompanied the Immunities Act states that the making of "a single contract" in the United States can support jurisdiction. H.R. Report No. 1487, 94th Cong., 2nd Sess. 16, *reprinted in* 1976 U.S.Code Cong. & Admin.News 6604, 6615.

Consistent with this approach, courts have held that the national airline of

---

**3.** The discussion that follows in the text focuses on the element of duty because this is almost always the only element of a plaintiff's claim that might come within the scope of the clause of the Immunity Act at issue, dealing with cases based upon commercial activity carried on in the United States.

As mentioned at the end of the discussion in the text, a plaintiff's case will typically also involve the elements of breach of duty and of injury resulting from the breach. In principle, an action would be "based upon" commercial activity in the United States if that commercial activity established the element of breach of duty—even if the duty originated abroad and the injury was suffered abroad. As a practical matter, however, few cases assert such facts. At least our research has not found any cases that clearly belong in this category. (If such a case were to arise, it would most likely be decided under the second clause of § 1605(a)(2), which extends to actions based upon "an act performed in the United States in connection with a commercial activity of the foreign state elsewhere." The dearth of cases that focus only on breach of duty is related to the lack of cases decided under the second clause, a point discussed in note 1 above).

As for injury, this element cannot be "based upon" commercial activity in the United States even in principle. The commercial activity to which the statute refers is the activity of the defendant foreign government. By definition, the injury that the plaintiff asserts as an element of his case is his own. Injury can still be a basis for jurisdiction, but under the third clause of § 1605(a)(2), not the first clause which is the one at issue here. The third clause provides jurisdiction in the United States when a case is "based upon" commercial activity abroad that has a "direct effect" within the United States. Consistent with our analysis of what "based upon" means in the first clause, the "based upon" requirement in the third clause clearly means that the injury that supports jurisdiction must be the same injury that is the element of the wrong alleged. In addition, the injury must be the "direct effect" of the wrong, so an indirect injury which would otherwise support a cause of action is not enough to confer jurisdiction. *See Berkovitz v. Islamic Republic of Iran,* 735 F.2d 329, 332 (9th Cir.), *cert. denied* 469 U.S. 1035, 105 S.Ct. 510, 83 L.Ed.2d 401 (1984) (emotional suffering of family members is not a direct effect of wrong committed abroad).

Thus the creation of a duty is the only element of the plaintiff's case that would normally be within the scope of the statutory clause at issue in this case, regarding commercial activity within the United States.

a foreign government is subject to the jurisdiction of United States courts if it or its agents sell a plane ticket or otherwise make travel arrangements in the United States (creating a duty of care in providing safe passage), and the flight crashes during travel outside the United States. *See, e.g., Schoenberg v. Exportadora de Sal,* 930 F.2d 777, 782–83 (9th Cir.1991); *see also Sugarman v. Aeromexico, Inc.,* 626 F.2d 270, 272–74 (3d Cir.1980) (holding that jurisdiction was present for complaint alleging injury from an extended delay between flights at a foreign point where tickets were sold in the United States). Jurisdiction is present even if the plane was travelling only between foreign points at the time of the accident. *Barkanic v. General Admin. of Civil Aviation,* 822 F.2d 11, 13 (2d Cir.), *cert. denied* 484 U.S. 964, 108 S.Ct. 453, 98 L.Ed.2d 393 (1987). By contrast, if the ticket was purchased outside of this country, the mere fact that the traveller was a United States citizen does not confer jurisdiction. *See Tote v. Iberia Int'l Airlines,* 649 F.Supp. 41, 42–43 (E.D.Pa.1986) (no jurisdiction in United States courts for an action arising from the crash of a domestic Spanish flight for which the tickets were purchased in Spain); *see also* H.R. Rep. 17, 6616 (stating that the "definition [of commercial activity] ... is intended to reflect a degree of contact beyond that occasioned simply by U.S. citizenship or U.S. residence of the plaintiff").

In the employment context, the same analysis applies—if the plaintiff claims a breach of a duty that arose within the United States, jurisdiction is present. An employment contract made in the United States for foreign employment thus provides jurisdiction for a claim for breach of that agreement. So in *Nelson v. Saudi Arabia,* 923 F.2d 1528, 1535 (11th Cir.1991), the court held that jurisdiction was present under the Immunities Act where a foreign government recruited and hired an employee in the United States. The court emphasized that the employee's subsequent detention and torture by the foreign government was for conduct within the scope of his employment duties. *Id.* By contrast, a foreign government is not subject to jurisdiction in this country for reneging on an employment contract executed in the host country after an employee went to work there. *See Zedan v. Kingdom of Saudi Arabia,* 849 F.2d 1511, 1512 (D.C.Cir.1988). Nor is a foreign government subject to the jurisdiction of United States courts even if it murders a United States citizen abroad, when the murder is for reasons unrelated to his employment in that country. *Berkovitz v. Islamic Republic of Iran,* 735 F.2d 329, 331–33 (9th Cir.), *cert. denied,* 469 U.S. 1035, 105 S.Ct. 510, 83 L.Ed.2d 401 (1984).

Under these principles, the District Court was correct to dismiss Santos' claim. None of the elements of Santos' claim concern acts in the United States. Given that Santos does not assert any rights under the lease itself, any duty from Air France to Santos arose in Paris. Besides establishing a duty to him or her, a plaintiff's case usually involves showing the additional elements of breach of duty and injury caused by the breach. Here there is no dispute that the breach of duty and the resulting injury occurred in Paris as well. In a trial on the merits, Santos could not use the lease nor any other activities of Air France in the United States to prove any relevant proposition.

In short, a claim cannot be "based upon" commercial activity that forms no part of the proof of that claim. Santos' claim for his injuries at Orly is not based upon any conduct in the United States by Air France, so Air France is immune from suit under 28 U.S.C. § 1604.

### Conclusion

For the reasons stated, the District Court's judgment is AFFIRMED.