Denice **CASALINO** and Gino Casalino, Plaintiffs,

v.

**ENTE FERROVIE DELLO STATO**, Defendant.

**No. 90 Civ. 7598 (WCC).**

United States District Court, S.D. New York.

Dec. 18, 1991.

---

Rovegno & Taylor, P.C., Forest Hills, N.Y. (Robert B. Taylor, of counsel), for plaintiffs.

Condon & Forsyth, New York City (Rudolph V. Pino, Jr., George N. Tompkins, III, of counsel), for defendant.

## OPINION AND ORDER

WILLIAM C. CONNER, District Judge.

Plaintiffs, Denice Casalino and her husband, Gino Casalino, bring this action against defendant Ente Ferrovie dello Stato ("Ente Ferrovie"), a foreign corporation created and existing under the laws of Italy, for injuries sustained by Mrs. Casalino while a passenger on a train operated by defendant. This motion is presently before the Court on Ente Ferrovie's motion to dismiss the Complaint for lack of subject matter jurisdiction and personal jurisdiction pursuant to Rules 12(b)(1) and 12(b)(2) of the Federal Rules of Civil Procedure.

## BACKGROUND

Plaintiff Denice Casalino alleges that she sustained personal injuries, including a fractured right wrist, while a passenger on a "Super Rapido" train being operated between the cities of Milan, Italy and Verona, Italy. Complaint at ¶ 7. Mrs. Casalino's alleged injuries occurred when the train being operated by defendant "suddenly and without warning, changed tracks" and entered into a turn at a high rate of speed, causing plaintiff to fall. Complaint at ¶ 8. The passenger ticket pursuant to which Mrs. Casalino was travelling at the time of the alleged accident was purchased at the Milan train station in Italy. *See* Deposition of Denice Casalino, dated August 6, 1991, at pp. 19–20, annexed to Tompkins Aff. as Exh. B.[1]

---

1. The Complaint in this action alleges that Mrs. Casalino purchased her ticket for passage on the "Super Rapido" in New York City, through the defendant's agent, Compania Italiana Turismo.

Defendant alleges that it is a public body created by the Italian government with its principal place of business in Rome, Italy and is operated and controlled by the Ministry of Transport. *See* Aff. of Dott. Stefano Spinelli, a Manager in the Legal Department of Ente Ferrovie. Thus, defendant argues that it is a foreign state within the meaning of the Foreign Sovereign Immunities Act of 1976 ("FSIA")[2] and immune from suit in the courts of the United States. Plaintiffs contend that while Ente Ferrovie may be a foreign state as defined in the FSIA, this suit comes within an exception to sovereign immunity set forth in Section 1605(a)(2) of the FSIA, because it is based upon a commercial activity carried on in the United States by Ente Ferrovie.

## DISCUSSION

The FSIA is "the exclusive source of subject matter jurisdiction over all suits involving foreign states or their instrumentalities." *Letelier v. Republic of Chile*, 748 F.2d 790, 793 (2d Cir.1984), *cert. denied*, 471 U.S. 1125, 105 S.Ct. 2656, 86 L.Ed.2d 273 (1985). A "foreign state" as defined in the FSIA includes "an agency or instrumentality of a foreign state," which is further defined to mean any entity:

(1) which is a separate legal person, corporate or otherwise, and,

(2) which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof, and

(3) which is neither a citizen of a State of the United States as defined in section 1332(c) and (d) of this title, nor created under the laws of any third country.

28 U.S.C. § 1603(b).

Plaintiffs do not dispute that Ente Ferrovie is an "agency or instrumentality of a foreign state" within the meaning of 28 U.S.C. § 1603(b). Thus, if this Court is to exercise jurisdiction over plaintiffs' claims against Ente Ferrovie, it can do so only in accordance with the provisions of the FSIA.

According to Section 1604 of the FSIA, "foreign states" are immune from suit in the courts of the United States unless the conduct complained of comes within the exceptions enumerated in 28 U.S.C. §§ 1605 to 1607. *See Martin v. Republic of South Africa*, 836 F.2d 91 (2d Cir.1987); *Letelier*, 748 F.2d at 793. Ente Ferrovie argues that the exceptions to sovereign immunity in the FSIA do not apply to it in this action. Plaintiffs argue that the "commercial activities" exceptions contained in § 1605(a)(2) are applicable to the facts of this action.

28 U.S.C. § 1605(a)(2) provides that "a foreign state shall not be immune from the jurisdiction of courts of the United States" in any case:

[I]n which the action is based upon a commercial activity carried on in the United States by the foreign state; or upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States....

28 U.S.C. § 1605(a)(2).

Section 1603 defines "commercial activity" as "either a regular course of commercial conduct or a particular commercial transaction or act." It defines a "commercial activity carried on in the United States by a foreign state" as "commercial activity carried on by such state and having substantial contact with the United States." 28 U.S.C. § 1603(d) and (e).

Plaintiffs argue that the presence of an office or offices in the United States from which one can purchase tickets similar to the one purchased by Mrs. Casalino is sufficient to submit defendant Ente Ferrovie

---

Complaint at ¶ 6. At her deposition, however, Mrs. Casalino admitted that she purchased the ticket in Milan. Plaintiffs now argue that while the specific ticket at issue was not purchased in the United States, tickets for the train taken by Mrs. Casalino can be purchased at the Compania Italiana Turismo at 594 Broadway, New York, New York. *See* Aff. of Denice Casalino at ¶¶ 5–7; Plaintiffs' Memo. at 4.

**2.** 28 U.S.C. §§ 1602–1611.

to the jurisdiction of this Court pursuant to the commercial activity exception of the FSIA. The Court cannot agree.

■ The first clause of § 1605(a)(2) does not confer subject matter or personal jurisdiction over foreign states simply by virtue of the fact that they do unrelated continuing business in the United States. *See Vencedora Oceanica Navigacion S.A. v. Compagnie Nationale Algerienne de Navigation,* 730 F.2d 195, 202 (5th Cir.1984); *see also Barkanic v. General Admin. of Civil Aviation of the Peoples Republic of China,* 822 F.2d 11, 13 (2d Cir.), *cert. denied,* 484 U.S. 964, 108 S.Ct. 453, 98 L.Ed.2d 393 (1987) (expressly approving of the *Vencedora* Court's analysis); *Harris v. VAO Intourist, Moscow,* 481 F.Supp. 1056, 1061 (E.D.N.Y.1979) ("doing business" in the United States is not sufficient under clause one of Section 1605(a)(2) to confer jurisdiction over a foreign state). For this Court to exercise jurisdiction over the foreign state under the FSIA, the "commercial activity carried on in the United States by a foreign state" must itself have substantial contacts with the cause of action. Thus, in considering whether the claim against a foreign state is "based upon" a commercial activity carried on in the United States by the foreign state, the Second Circuit has required that there be a "nexus" between the foreign state's activity in the United States and the plaintiff's grievance. *Barkanic,* 822 F.2d at 13 (finding nexus between plaintiffs' grievances and defendant's activity in the United States from the fact that plaintiffs had purchased their passenger tickets from a travel agency in Washington D.C.); *Darby v. Compagnie Nationale Air France,* 769 F.Supp. 1255, 1265 (S.D.N.Y.1991) (to satisfy the first clause of Section 1605(a)(2), courts require a nexus between the commercial activity in the United States and the cause of action).

■ This action is not based upon any commercial activity carried on by Ente Ferrovie in the United States. Mrs. Casalino purchased her rail ticket in Milan for transportation on a train operated by defendant Ente Ferrovie within the borders of Italy. Her alleged injuries were sustained while a passenger on that domestic journey in Italy. The fact that plaintiff could have purchased her ticket from an alleged agent of defendant in New York does not establish any particular tie between Ente Ferrovie's activities in the United States and the alleged injuries sustained by plaintiff in Italy.[3]

■ The second commercial activity exception to sovereign immunity permits a court of the United States to exercise personal and subject matter jurisdiction over a foreign state if the action is based upon "an act performed in the United States in connection with a commercial activity of a foreign state elsewhere." 28 U.S.C. § 1605(a)(2). Because all of the alleged negligent acts of Ente Ferrovie were performed in Italy, this exception is inapplicable and cannot serve as a basis for subject matter jurisdiction over this action. *Cf. Harris,* 481 F.Supp. at 1061 (second clause of Section 1605(a)(2) not applicable where the allegedly negligent conduct took place in the Soviet Union).

■ The third clause of section 1605(a)(2) deals with actions arising from acts outside the United States with a "direct effect" within the United States. Courts considering a claim for personal injuries sustained in a foreign state have consistently held that the continued physical suffering and consequential damages that persisted once the plaintiff returned to the United States did not meet the Act's requirement of "a direct effect in the United States." *See Martin v. Republic of South Africa,* 836 F.2d 91, 95 (2d Cir.1987) (no "direct effect" where injury occurred in South Africa,

---

**3.** The facts in this case are similar to those in *Tote v. Iberia Int'l Airlines,* 649 F.Supp. 41 (E.D.Pa.1986). In that case, the court dismissed a wrongful death action brought on behalf of an American citizen killed in the crash of an Iberia aircraft flying between Madrid, Spain and Bilbao, Spain. Noting that the decedent's flight was a domestic one within Spain, that the tickets for the flight were purchased in Spain, and that the crash occurred in Spain, the court found that the plaintiff had failed to establish the requisite nexus between the decedent's grievance and defendant's commercial activity carried on in the United States.

342

causing American citizen to return to United States permanently disabled and subject to continuing medical care); *see also Zernicek v. Brown & Root, Inc.*, 826 F.2d 415 (5th Cir.1987), *cert. denied*, 484 U.S. 1043, 108 S.Ct. 775, 98 L.Ed.2d 862 (1988); *Darby v. Compagnie Nationale Air France*, 769 F.Supp. 1255, 1265–66 (S.D.N.Y.1991); *Close v. American Airlines, Inc.*, 587 F.Supp. 1062, 1065 (S.D.N.Y.1984); *Upton v. Empire of Iran*, 459 F.Supp. 264, 266 (D.D.C.1978), *aff'd mem.*, 607 F.2d 494 (D.C.Cir.1979). Similarly, that clause is not satisfied here where as a result of the alleged negligent acts of Ente Ferrovie in Italy, plaintiff has been obliged to endure physical suffering and medical expenses after her return to the United States. The "direct" effects of the defendant's alleged negligent conduct are Mrs. Casalino's injuries, which occurred outside the United States. "Any pain and pecuniary loss plaintiffs suffer in the United States are indirect consequences of the accident in [Italy]." *Tucker v. Whitaker Travel, Ltd.*, 620 F.Supp. 578, 586 (E.D.Pa.1985), *aff'd mem.*, 800 F.2d 1140 (3d Cir.), *cert. denied*, 479 U.S. 986, 107 S.Ct. 578, 93 L.Ed.2d 581 (1986).

The Court concludes that the instant action comes within none of the clauses of the "commercial activities" exception to sovereign immunity. Plaintiffs do not suggest that they are able to assert jurisdiction under any of the alternative exceptions to sovereign immunity. Accordingly, this Court lacks subject matter and personal jurisdiction over the defendant, Ente Ferrovie.

## CONCLUSION

For the foregoing reasons, the motion to dismiss is granted.