■ SALVATORE DEFILIPPO, Respondent, v COUNTY OF NASSAU, Respondent, and LONG ISLAND TRUST COMPANY, N.A., Appellant.—In an action to recover damages for malicious prosecution and false imprisonment, the defendant Long Island Trust Company, N.A., appeals from an order of the Supreme Court, Nassau County (Robbins, J.), dated March 27, 1990, which denied its motion for summary judgment dismissing the complaint and cross claim insofar as they are asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint and cross claim are dismissed insofar as they are asserted against the defendant Long Island Trust Company, N.A., and the action against the remaining defendant is severed.

On January 25, 1983, at approximately 9:20 A.M., the defendant Long Island Trust Company, N.A., in Hicksville was held up by an armed robber. Two bank employees were able to give the authorities a description of the perpetrator. Thereafter, they identified the plaintiff from a photographic array consisting of eight pictures, and testified before the Nassau County Grand Jury. One of the bank employees, as well as a police officer, subsequently identified the plaintiff from a lineup. Following the plaintiff's arrest, a third bank employee also

came forward and identified the plaintiff from a photograph of the original lineup.

On May 2, 1983, the plaintiff was indicted by a Grand Jury on four counts of robbery, criminal use of a firearm, and menacing. After the plaintiff had served 13 months in jail, the actual perpetrator confessed, and the plaintiff was released on or about June 1, 1984.

The plaintiff thereafter commenced this action to recover damages for false imprisonment and malicious prosecution. The bank subsequently moved for summary judgment, contending that the actions of its employees in reporting the robbery and cooperating in the police investigation were insufficient to support these tort claims. The Supreme Court denied the bank's motion for summary judgment, and we now reverse.

The essential elements of an action to recover damages for malicious prosecution are (1) the initiation of an action, (2) its termination favorably to the plaintiff, (3) lack of probable cause, and (4) malice *(Colon v City of New York,* 60 NY2d 78, 82; *Broughton v State of New York,* 37 NY2d 451, 457, *cert denied sub nom. Schanbarger v Kellogg,* 423 US 929). The plaintiff has failed to demonstrate that the bank initiated the criminal proceeding against him. It has been held that "[t]he mere reporting of a crime to police and giving testimony are insufficient; it must be shown that defendant played an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act" *(Viza v Town of Greece,* 94 AD2d 965, 966; *see also,* 59 NY Jur 2d, False Imprisonment, § 59; *Eisenkraft v Armstrong,* 172 AD2d 484). Here, the record is devoid of any evidence to prove that the bank's agents did not make a full and complete statement to the District Attorney of all the facts and information within their possession. Nor is there any showing that the agents of the bank gave false information or that they kept back evidence which would affect the result. Thus, it cannot be said that the bank commenced the proceeding or instigated the arrest.

Since the plaintiff has failed to establish the first element needed to make a prima facie case for malicious prosecution, his cause of action must be dismissed insofar as asserted against the bank.

Furthermore, since the bank's agents merely provided information to the police and there is nothing to indicate that they intended to confine the plaintiff or that they lacked reasonable

cause for their belief in the plaintiff's culpability, the plaintiff's cause of action for false imprisonment should have also been dismissed insofar as asserted against the bank *(see, Reeves v Manufacturers Hanover Trust Co.,* 117 AD2d 789; *Vennard v Sunnyside Sav. & Loan Assn.,* 44 AD2d 727; 59 NY Jur 2d, False Imprisonment, § 37). Sullivan, J. P., Balletta, Eiber and O'Brien, JJ., concur.