**Ana Magalis Diaz AGUASVIVA,**
**Plaintiff,**

**v.**

**IBERIA LINEAS AEREAS DE ESPANA;**
**Insurance Company X, Y, Z.,**
**Defendants.**

**Civil No. 93–2795 (HL).**

United States District Court,
D. Puerto Rico.

Aug. 12, 1996.

John E. Mudd, Ortiz Toro & Ortiz Brunet, San Juan, PR, Howard Charles, San Juan, PR, for plaintiff.

Juan R. Marchand–Quintero, Rivera Cestero & Marchand Quintero, San Juan, PR, for defendant.

## OPINION AND ORDER

LAFFITTE, District Judge.

On September 27, 1995, the Court issued an Opinion and Order (1) denying Defendant's motion to dismiss because the Court had subject matter jurisdiction over Defendant under 28 U.S.C. § 1330 (1996), (2) granting Defendant's motion for summary judgment on Plaintiff's contractual claim, and (3) denying Defendant's motion for summary judgment on Plaintiff's negligence claim under Article 1802 of the Puerto Rico Civil Code. *Aguasviva v. Iberia Lineas Aereas de España*, 902 F.Supp. 314 (D.P.R.1995). Defendant, Iberia Lineas Aereas de España ("Iberia"), moves for partial reconsideration on the grounds that the Supreme Court's recent decision in *Saudi Arabia v. Nelson*, 507 U.S. 349, 113 S.Ct. 1471, 123 L.Ed.2d 47 (1993) dismissed a series of similar allegations of tortious conduct by Saudi Arabia officials.[1]

Although the Court has subject matter jurisdiction over Iberia because it is a "foreign state" within the meaning of 28 U.S.C. §§ 1330 & 1603 (1996), Iberia is also presumptively immune from suit under the Foreign Sovereign Immunities Act of 1976 ("FSIA"). *Id.* at 1474. Plaintiff has the initial burden of overcoming this presumption under one of the enumerated statutory exceptions listed in 28 U.S.C. § 1605 (1996). Although Plaintiff does not point to any specific statutory exception, Plaintiff maintains that the Court's original decision to apply the

"commercial activity" exception was correct. According to this exception, Iberia is not immune from the jurisdiction of the Court:

in which the action is based upon commercial activity carried on in the United States by the foreign state; or upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States.

28 U.S.C. § 1602(a) (1996). The Court originally found that Plaintiff's negligence claims were based upon Iberia's commercial activity carried on in the United States. In other words, the Court ruled that Plaintiff's claims came within the first clause of the "commercial activity" exception.

Iberia has the ultimate burden of proving that this "commercial activity" exception does not apply to Plaintiff's negligence claim. Iberia relies on the Supreme Court's decision in *Nelson* to satisfy its burden. In *Nelson*, Hospital Corporation of America, Ltd. on behalf of Saudi Arabia recruited Scott Nelson to work as a monitoring systems engineer in a Saudi Arabia hospital. 507 U.S. at 352–54, 113 S.Ct. at 1474–75. After Nelson began working in the hospital, he allegedly complained to the hospital officials that there were safety defects in the hospital's oxygen and nitrous oxide lines which endangered the patients. *Id.* at 352–53, 113 S.Ct. at 1475. Nelson alleged that Saudi Government officials retaliated against him for filing these safety complaints by throwing him in jail, shackling him, torturing him, forcing him to sign statements written in Arabic, confining him to an overcrowded jail cell infested with rats, and requesting sexual favors from his wife in order to expedite his release. *Id.* Understandably, upon his return to the United States with the assistance of a United States Senator, Nelson filed suit against Sau-

---

1. Originally, Iberia moved to dismiss the complaint on the grounds that the Court lacked subject matter jurisdiction under 28 U.S.C. § 1332(a) (1996). Consequently, Iberia and Plaintiff never discussed the application of the Foreign Sovereign Immunities Act of 1976 to

Iberia's alleged unlawful conduct. The Court, however, decided that Plaintiff's claims pierced through Iberia's presumed sovereign immunity under the "commercial activity" exception. 28 U.S.C. § 1602(a) (1996).

di Arabia for a series of intentional torts including battery, wrongful arrest, and false imprisonment, and for negligently failing to warn him about the retaliatory tactics of the Saudi Government. *Id.* at 352–55, 113 S.Ct. at 1475–76.

Nelson attempted to pierce Saudi Arabia's shield of immunity with the first clause of the "commercial activity" exception of section 1602(a). The Supreme Court, however, held that Nelson's suit was not based upon any "commercial activity" by Saudi Arabia and, therefore, dismissed his complaint. Without any legislative guidance on the meaning of the term "commercial," the Court adopted the restrictive theory of foreign sovereign immunity and held that "a state engages in commercial activity under the restrictive theory where it exercises 'only those powers that can also be exercised by private citizens,' as distinct from those 'powers peculiar to sovereigns.'" *Id.* at 360, 113 S.Ct. at 1479 (quoting authority omitted). The motivation behind the state's activities, whether for economic, political, or social reasons, is irrelevant. *Id.; see also* 28 U.S.C. § 1603(d) (1996) (defining "commercial activity" based on the nature of the conduct rather than by reference to its purpose).

Consequently, under this restrictive definition of "commercial activity," the Court concluded that intentional torts were not the type of powers typically exercised by private citizens and, therefore, were not commercial activities. "The conduct boils down to abuse of the power of its police by the Saudi Government, and however monstrous such abuse undoubtedly may be, a foreign state's exercise of the power of its police has long been understood for purposes of the restrictive theory as peculiarly sovereign in nature." *Nelson,* 507 U.S. at 361, 113 S.Ct. at 1479. Saudi Arabia, therefore, was immune from liability for Nelson's allegations of false imprisonment, battery, and torture. Saudi Arabia was also immune from Nelson's artfully pleaded claim of negligence for failing to warn him of Saudi Arabia's propensity for tortious conduct. Because any intentional tort typical of police powers could be recast in similar negligence language, the Court dismissed this claim as a "semantic ploy." *Id.* at 363, 113 S.Ct. at 1480.

■ Iberia persuasively argues that *Nelson* precludes Plaintiff's negligence claim under Article 1802. The purchase of her airline ticket and the possible breach of the airline's contract with her is *not* the basis for Plaintiff's negligence claim.[2] Rather, the basis for Plaintiff's negligence claim is the physical and emotional abuse of Iberia's police powers. This includes (1) permitting the Turkish authorities to imprison her, (2) falsely identifying her as an illegal alien, (3) forcing her to return to Barcelona and Madrid against her will, (4) physically escorting her on and off the airplane, (5) pushing her to move along faster, and (6) temporarily detaining her in a holding area for questioning. Just as the Supreme Court held that Nelson's analogous claims were not actionable under the FSIA, Plaintiff's claims of false imprisonment, false arrest, defamation, assault, and negligence arising out of these allegations of the abuse of police powers are not permissible. The alleged misconduct of Iberia officials and the police officers are not typical powers exercised by private citizens.

Plaintiff's attempt to distinguish the outcome in *Nelson* from her allegations misses the mark. Plaintiff cites *Santos v. Compagnie Nationale Air France,* 934 F.2d 890 (7th Cir.1991) and *Travel All Over the World, Inc. v. Kingdom of Saudi Arabia,* 73 F.3d 1423 (7th Cir.1996) in support of her negligence claim. These cases, however, are immaterial because neither court discusses the FSIA in the context of the abuse of police powers. In fact, in *Travel All Over the World,* the Court never even mentions the FSIA. Meanwhile, the decision in *Santos* was not only decided before *Nelson* but relied upon the lack of any substantial nexus between the plaintiff's negligence claim against the Air France airline and his employment contract. Unlike the plaintiff in *Santos,* Plaintiff is not alleging that she was injured physically by the negligence of Iberia but rather that Iberia com-

---

**2.** Plaintiff's breach of contract claim which is permissible under the restrictive theory of sovereign immunity espoused in *Nelson* was dismissed by the Court with prejudice. *Aguasviva,* 902 F.Supp. at 319–320.

mitted a series of intentional torts. *Santos* and *Travel All Over the World,* therefore, do not salvage Plaintiff's negligence claims.

Since the Supreme Court decision in *Nelson,* courts have dismissed claims that are not typically made by participants in the commercial marketplace. *See Cicippio v. Islamic Republic of Iran,* 30 F.3d 164, 168 (D.C.Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 726, 130 L.Ed.2d 631 (1995) (Iran's hostage taking is not a typical act in the commercial context entitling Iran to sovereign immunity); *Intercontinental Dictionary Series v. De Gruyter,* 822 F.Supp. 662, 674–76 (C.D.Cal.1993) (the research and the development of a complex, academic linguistic treatise spanning the lifetimes of many scholars is not a typical commercial act entitling various agencies of Australia to sovereign immunity).

Unfortunately for Plaintiff, her claims of false imprisonment, false arrest, assault, defamation, and negligence arise out of Iberia's alleged abuse of police powers. These claims are not typical in the commercial marketplace and are synonymous with the intentional torts allegedly committed by Saudi Arabia in *Nelson.* Under the restrictive theory of sovereign immunity, the alleged abuses of Iberia's officials do not constitute commercial activities. Iberia is entitled to sovereign immunity from Plaintiff's negligence claims.

Consequently, the Court hereby **grants** Iberia's motion for reconsideration and **vacates in part** the September 27, 1995 Opinion and Order. Because the Foreign Sovereign Immunities Act of 1976 forecloses Plaintiff from bringing a negligence claim arising out of an alleged abuse of police powers, Plaintiff's claim under Article 1802 of the Puerto Rico Civil Code is hereby **dismissed with prejudice.** Judgment shall be entered accordingly.

**IT IS SO ORDERED.**