■ THOMAS ELLISON, Respondent, v TOWN OF HEMPSTEAD, Appellant, et al., Defendants. [716 NYS2d 606] —In an action to recover damages for malicious prosecution, the defendant Town of Hempstead appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Winick, J.), entered November 23, 1999, as denied its motion for summary

judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

"As a general rule, employers are held vicariously liable for their employees' torts only to the extent that the underlying acts were within the scope of the employment" (*Adams v New York City Tr. Auth.*, 88 NY2d 116, 119). Contrary to the contentions of the defendant Town of Hempstead (hereinafter the Town), the plaintiff raised triable issues of fact with respect to whether the defendant Daniel Davis was acting within the scope of his employment so as to render the Town vicariously liable for his acts (*see, Riviello v Waldron,* 47 NY2d 297, 303). Further, there are questions of fact as to whether Davis played an active role in the prosecution of the plaintiff (*cf., DeFilippo v County of Nassau,* 183 AD2d 695). Bracken, J. P., O'Brien, Santucci and McGinity, JJ., concur.