PETER DAMILITIS, Plaintiff, v. KERJAS LUNCH CORPORATION, Defendant.

City Court of New York, Trial Term, Bronx County, December 9, 1937.

*David Feinman,* for the plaintiff.

*Allen M. Taylor,* for the defendant.

DONNELLY, J.  About three o'clock in the afternoon of June 22, 1936, plaintiff went into defendant's restaurant, there to purchase and eat food.  Upon his entry into the restaurant, plaintiff went into the men's room to wash his hands.  While he was in the men's room, there was an altercation between defendant's special officer and some of defendant's patrons, strangers to plaintiff, and as plaintiff came into the restaurant while the melee was in progress, he was struck by a plate and a tray thrown by one of defendant's countermen, and cut upon the head and neck.  About ten minutes after the assault upon plaintiff, he was arrested by a policeman at the instance of defendant's special officer, taken to a police station where he was detained for about an hour, then taken to another police station and from there he was taken, still in the custody of the police, to the Night Court where he was held until about ten P. M., when, upon the verified complaint of defendant's special officer, he and three others who had been in defendant's restaurant at the time of the occurrence already narrated, were charged with disorderly conduct.  A hearing of this charge was thereupon held by the magistrate, who dismissed the complaint against the plaintiff, and he was discharged.

Upon the foregoing statement, there can be no question but that there was an unlawful restraint of plaintiff's person, at least between three-ten P. M. when he was apprehended at the instance of defendant's special officer, and ten P. M. on the same day, when he was arraigned before the magistrate on the complaint verified by the same individual who instigated his seizure.

Two causes of action are set forth in the complaint.  In the first cause of action the allegations pertinent to the points raised are:

" For a first cause of action. * * * III. That heretofore and on or about June 22, 1936, at or about 3 p. m., plaintiff entered said restaurant and purchased thereat food, and, while he was consuming the same, without any just cause or provocation, the defendant, acting through its servants, agents and employees, unlawfully and maliciously caused the plaintiff to be arrested by a police officer and brought to a police station, and thereat confined, and finally brought before a Magistrate * * * and unlawfully and maliciously charged with disorderly conduct.

" IV. That the said Magistrate dismissed the complaint and discharged the plaintiff from further custody."

The second cause of action sets forth the assault.

False imprisonment and malicious prosecution are alleged in the so-called first cause of action. The two causes of action are fundamentally different; they are made up of different elements, enforced by different forms of action, are governed by different rules of pleading, evidence and damages, and are subject to different defenses. False imprisonment has been well defined to be a trespass committed by one man against the person of another by unlawfully arresting him and detaining him without any legal authority (Addison on Torts [3d ed.], p. 552.) At bar, the person of the plaintiff was unlawfully restrained when he was taken into custody by the police officer at the instigation of defendant's special officer. There is no distinction between a peace officer, without a warrant, and a private individual in respect to the right to arrest for a misdemeanor. To justify either of them in arresting or aiding in the arrest of a person without warrant, for a misdemeanor, it must appear that the crime has actually been committed or attempted in his presence by the person arrested. (*Gold* v. *Armer*, 140 App. Div. 73, 75.) At bar, neither the arresting officer nor defendant's special officer was a witness to any act by plaintiff which constituted the disorderly conduct for the commission of which he was subsequently arraigned before the magistrate.

If we were dealing only with plaintiff's detention upon the sworn complaint of defendant's special officer upon which he was arraigned before the magistrate, a different question than the false arrest of plaintiff would arise. In the Magistrates' Court plaintiff's detention was upon lawful process, and in such circumstances the burden would be upon the plaintiff to show a want of probable cause. (*Burns* v. *Erben*, 40 N. Y. 463, 465, followed; *Schultz* v. *Greenwood Cemetery*, 190 id. 276, 278; *Burton* v. *New York Central & H. R. R. R. Co.*, 147 App. Div. 557, 561; affd., 210 N. Y. 567.) Even malicious motives and the absence of probable cause do not give a party arrested an action for false imprisonment. They may

aggravate his damages, but have nothing whatever to do with the cause of action. (*Marks* v. *Townsend*, 97 N. Y. 590, 597.) In *Hopner* v. *McGowan* (116 N. Y. 405, 410) the court said: "And in this action for false imprisonment, the termination of the criminal proceeding against the plaintiff had no importance, although such fact is essential in an action for malicious prosecution."

Objection that separate causes of action have not been separately stated and numbered is waived unless presented before the trial of the action. (*Gearity* v. *Strasbourger*, 133 App. Div. 701.) In the instant case, as in the case just cited, there appears on the facts presented a cause of action as matter of law against the defendant for falsely arresting the plaintiff, and, on that issue, the only question is the assessment of damages.

At bar, defendant owed the duty to those who patronized his place to see to it that they were not injured by any want of care on its part or that of its servants. This duty extends even to seeing that reasonable care is exercised that guests are not injured by other guests. (*McKeon* v. *Manze*, 157 N. Y. Supp. 623, 625.) In the case just cited, plaintiff, while visiting defendant's saloon "for the purpose of getting a beer," was injured by a beer glass thrown by defendant's employee at one of defendant's patrons. In the court below plaintiff had a verdict. On appeal the court said (at p. 626): "If we should, however, in this case hold that, as to those patronizing the saloon of Manze for the purpose of obtaining drinks he did not sustain toward them the technical relation of an innkeeper, nevertheless, as we understand the law, substantially the same duties and obligations exist as to such persons. The same rules apply quite generally to places which the public are invited to patronize." (Citing cases.)

Judgment for plaintiff on his first cause of action in the sum of $250, and on his second cause of action in the sum of $1,000. Exception to defendant. Ten days' stay.