Morro Grago, Plaintiff, *v.* Angèline Vassello, Defendant.

Supreme Court, Trial Term, Madison County, April 8, 1940.

*Woolsey & Woolsey,* for the plaintiff.

*Leon Tarolli,* for the defendant.

Deyo, J. This action was brought on for trial before the court and jury on February 13, 1940. At the conclusion of the evidence the defendant moved for a dismissal of the complaint and a nonsuit and the plaintiff moved for a directed verdict in his favor. Decision on both motions was reserved. On stipulation the question of damages only was submitted to the jury, the court to determine all other issues with the right to direct a verdict in the absence of the jury with the same force and effect as if the jury was present.

The present action arose out of the arrest of Morro Grago, the plaintiff herein, in a civil action brought by Angeline Vassello. On September 14, 1939, D. S. Webber, a justice of the peace of the town of Sullivan, Madison county, issued a summons with notice in an action for rent brought by Vassello against Grago. The summons was served on September 18, 1939, by Melvin Devendorf, a constable of said town, returnable before the said justice of the peace on September 25, 1939. On September 19, 1939, five days after the summons had been issued, Vassello executed a verified petition wherein she alleged that Grago, in violation of his agreement and with intent to cheat, hinder and defraud, was removing and disposing of the crops from the premises which were the subject of the rent action. Thereupon, Justice of the Peace Webber issued an order directing the arrest of Grago on the grounds that he " has disposed of and is about to dispose of property to defraud the plaintiff." The order recited that the case " is one of those mentioned in section 826 of the New York Civil Practice Act." Before granting the order, the undertaking specified in section 62 of the Justice Court Act was given. At about eight o'clock in the evening of September nineteenth, Constable Devendorf arrested Grago at his home in Canastota, and took him to the justice's office at Chittenango. A motion that the order of arrest be vacated on the grounds that the papers were deficient in law was denied. At about eleven P. M. Grago was released in the custody of his attorney and directed to return on September 22, 1939, at which time Vassello was present through her attorney. Oral pleadings were thereupon entered.

The complaint alleges the leasing of certain premises to Grago for the sum of $100 to be paid before the crops were removed, and that Grago, in violation of the agreement and with intent to cheat and defraud Vassello, had removed the crops from the premises and sold and assigned the same with intent to defraud Vassello, without having paid the $100.

The answer admitted that Grago had rented the premises from Vassello for the sum of $100, which had not been paid; denied all of the other allegations and alleged affirmatively that the rent was not due at the time the summons was issued. There was also a counterclaim for the loss of certain personal property in the amount of fifty dollars.

Grago, through his attorney, again moved for discharge from arrest on the ground that the action was not one specified in the Justice Court Act upon which an order of arrest can be granted. The motion was denied. Subsequently the action was brought on for trial before Justice of the Peace Webber and judgment was found

for Vassello, as requested in the complaint. An appeal from this judgment is now pending.

In the present action a motion under rule 106 of the Rules of Civil Practice to dismiss the complaint on the grounds that it did not state sufficient facts to constitute a cause of action was denied by Justice McCurn.

False imprisonment consists in the unlawful restraint of an individual's personal liberty against his will. (25 C. J. 443.) The gist of the action is unlawful detention (*Schultz* v. *Greenwood Cemetery*, 190 N. Y. 276), and the motives of the defendant have no bearing on whether or not the action will lie. (*Snead* v. *Bonnoil*, 166 N. Y. 325.)

Our first subject of inquiry, therefore, is the validity of the order of arrest issued by Justice of the Peace Webber. A justice of the peace has only the powers granted him pursuant to statute and no other. (Justice Ct. Act, § 2.) The Justice Court Act provides that a justice may issue an order of arrest in certain definite cases and under certain definite circumstances. (Justice Ct. Act, §§ 60, 61.)

It is obvious that the case at bar does not come within the sections above mentioned, and in fact, the order of arrest itself states that it was granted on grounds not embraced within the jurisdiction of the justice of the peace. The order of arrest, therefore, was absolutely void and the detention of the plaintiff thereunder was unlawful. (*Worden* v. *Davis*, 195 N. Y. 391.) Any imprisonment which is not justifiable is a false imprisonment and subjects him who is responsible therefor, whether as principal or as agent, to an action in tort for damages. (*Vernes* v. *Phillips*, 266 N. Y. 298, 300.) A false imprisonment begins at the time of the false arrest. (*Egleston* v. *Scheibel*, 113 App. Div. 798.) Since the order of arrest was void and not merely irregular or erroneous, there is no necessity that it be set aside or that the prosecution be terminated before an action for false arrest and imprisonment will lie. (*Day* v. *Bach*, 87 N. Y. 56, 61; 25 A. L. R. 1518.) As the court said in speaking of false imprisonment in *Fischer* v. *Langbein* (103 N. Y. 84, 89): " In the case of void process the liability attaches when the wrong is committed and no preliminary proceeding is necessary to vacate or set it aside, as a condition to the maintenance of an action." In this respect the essential elements of the tort of false arrest and imprisonment differ from those of malicious prosecution. " And in this action for false imprisonment the termination of the criminal proceeding against the plaintiff had no importance, although such fact is essential in an action for malicious prosecution." (*Hopner* v. *McGowan*, 116 N. Y. 405, 410; *Damilitis* v. *Kerjas Lunch Corp.*, 165 Misc. 186, 189.)

As in other torts, any one responsible therefor may be held for damages. Therefore, our next subject of inquiry is whether or not the defendant herein was responsible for the false arrest and imprisonment. There is a distinction between an individual who merely makes a statement that certain facts exist, leaving it to the authorities to determine whether or not an arrest should follow, and a situation where a person requests or directs that someone else be taken into custody. In the former case there may be no liability on the part of the person furnishing the information, but in the latter the instigator is liable. (*Vernes* v. *Phillips, supra; Davern* v. *Drew,* 153 App. Div. 844, 850; affd., 214 N. Y. 681.)

In the case at bar the defendant in her petition requested the arrest of the plaintiff. She was the instigator. She was the principal. She was present before Justice of the Peace Webber and took part in the proceedings. She played a far different role than that of a passive informant. She was the aggressor throughout. Without her active participation the plaintiff would never have been arrested. She was responsible, and being responsible must answer in damages. Moreover, it must be borne in mind that this was a civil, not a criminal arrest. In this respect, it is similar to *Nuzzek* v. *Todd & Son* (160 Misc. 528), where a body execution was procured without lawful authority. In that case not only the judgment creditor but his attorneys as well were held liable for damages.

The cases cited by the defendant are all readily distinguishable on their facts. In the main they either concern actions for malicious prosecution and are not applicable or the warrants involved were merely irregular and not void. For example, *Marks* v. *Townsend* (97 N. Y. 590), relied upon by the defendant, was an action for false arrest and imprisonment. The court held that the warrant was neither void nor irregular. Consequently, the action would not lie. However, the court went on to point out that if the process had been void a different result would have followed. A similar situation was presented in *Vitterio* v. *St. Regis Paper Co.* (239 N. Y. 148) and *Levy* v. *Chasnoff* (245 App. Div. 607).

The evidence sustains the amount of damages which the jury has found.

The defendant's motion for a dismissal of the complaint and a nonsuit is denied.

Plaintiff's motion for a directed verdict in his favor against the defendant is granted for the amount of the damages as found by the jury, $350. Stay of execution for thirty days.

Submit order.