Birdie Amsterdam, J.
Recovery of damages is sought herein, both for false arrest and for malicious prosecution. The matter was tried before me without a jury. The formal findings of fact and conclusions of law were waived.
*1030 Essentially, the testimony developed the following facts. At about 11:00 a.m. on April 17, 1957, defendant Malcolm Gluck, the then president of the corporate defendant, appeared at the local police precinct and reported having received a telephone call from an employee of the corporation’s North Carolina contractor, to the effect that a David Kessler, foreman of the contractor, had been seen the previous evening taking cartons from the contractor’s plant in Statesville, North Carolina, containing merchandise of the corporate defendant; and that Kessler was seen shipping them via bus transportation to a Frank Dizazzo in New York. Malcolm Gluck requested the police to conduct an investigation in view of the fact that he and he alone was in charge of the corporation’s sales — that he knew of no customer by the name of Dizazzo — and that Kessler lacked authority to ship merchandise.
At about 4:00 p.m. detective McVeigh located in the baggage room of the Greyhound bus terminal on 34th Street, four cartons addressed to “ Frank Dizazzo ” from “ Kay Sportswear ”, Statesville, North Carolina. Notified by the detective, Malcolm Gluck appeared, and identified the cartons as being similar to those of the corporate defendant and left. At about 6:00 p.m., the officer observed an individual, later identified as the plaintiff Dizazzo, claim and take possession of the cartons. He was assisted by another, Philip Feldman, the other plaintiff. As Dizazzo and Feldman were about to leave the terminal, McVeigh identified himself as a police officer and inquired as to the contents of the cartons. Both plaintiffs disclaimed knowledge. Dizazzo claimed that in response to a telephone call received by his wife he was picking up the shipment to accommodate a friend and neighbor, David Kessler, who wished delivery to be made to Kessler’s home. Feldman professed he was merely helping Dizazzo carry the parcels. McVeigh took the plaintiffs into custody and brought them to the precinct where the cartons on being opened were found to contain ladies’ sportswear. Malcolm Gluck was sent for and upon arrival, accompanied by his brother Irving Gluck, also sued herein, identified the goods as the property of the corporate defendant. After being lodged in jail over night, the plaintiffs were arraigned before a magistrate the following morning upon a complaint signed by Malcolm Gluck corroborated by McVeigh’s affidavit charging the criminal receipt of stolen goods valued in excess of $100, in violation of section 1308 of the Penal Law. On the adjourned date of the hearing, the plaintiffs were discharged by a magistrate on the ground of insufficiency of cause to believe them guilty of the offense as charged.
*1031 At the trial herein, Dizazzo testified in substance that, through Kessler, and several weeks prior to the date of the arrest, he had met Irving Gluck; that the latter represented himself as a manufacturer of ladies’ sportswear. Dizazzo further testified that some of the merchandise located in North Carolina had been made up improperly; that he and Irving Gluck agreed that Dizazzo was to undertake the selling of these goods at a profit of at least 50 cents per item, failing which they were to be returned.
Irving Gluck testified that Kessler had introduced Dizazzo to him as ‘ ‘ Frank ’ ’. Beyond that he denied ever entering into any agreement with either the plaintiffs or Kessler, asserting further that, at that time, he had no connection with the corporate defendant.
The testimony established conclusively that the arrests were made by a police officer acting upon his own initiative ; that the defendants did nothing more than report a suspected crime — that there was simply a communication of facts or circumstances of suspicion — that there was merely a request for an investigation.
Thus, in the light of all the circumstances presented herein, the causes of action for false arrest cannot lie (Vernes v. Phillips, 266 N. Y. 298, 301; Davern v. Drew, 153 App. Div. 844, 849, affd. 214 N. Y. 681; Brown v. Chadsey, 39 Barb. 253, 262; Mitchell v. O’Hara, 165 Misc. 630; Grago v. Vassello, 173 Misc. 736, 739; Sanders v. Rolnick, 188 Misc. 627, 630, affd. 272 App. Div. 803).
As to the causes of action for malicious prosecution, while the proof has established the institution of criminal prosecution against these plaintiffs and termination thereof in their favor, nevertheless there has been a failure of proof of malice and want of probable cause. 1 ‘ Probable cause ” has been defined as “ £ such a state of facts and circumstances as would lead a man of ordinary caution and prudence, acting conscientiously, impartially, reasonably and without prejudice upon the facts within his knowledge, to believe that the person accused is guilty ’ ” (Galley v. Brennan, 216 N. Y. 118,121; Hyman v. New York Central R. R. Co., 240 N. Y. 137, 143). In and of itself an honest belief in a plaintiff’s guilt is not enough; probable cause for the belief must also be shown. That a defendant has prosecuted one who was innocent of the charge is not a decisive circumstance, for ££ probable cause does not necessarily depend upon the actual guilt of the person prosecuted, but may rest upon the prosecutor’s belief in his guilt when based on reasonable grounds ” (Schultz v. Greenwood Cemetery, 190 N. Y. *1032 276, 278; Burns v. Wilkinson, 228 N. Y. 113, 115, 118; Simpson v. Coastwise Lbr. & Supply Co., 239 N. Y. 492, 499; Levy’s Store v. Endicott-Johnson Corp., 272 N. Y. 155, 161). Lack of probable cause cannot be inferred merely from the fact that a defendant was acquitted of the criminal charge (Freedman v. New York Soc. for Suppression of Vice, 248 App. Div. 517, 520, affd. 274 N. Y. 559; Chernes v. Rose, 180 App. Div. 906).
The circumstances presented herein furnish reasonable ground of suspicion and would lead a discreet and ordinarily prudent person into the belief that the accused had committed the crime. It is my considered opinion, and I so find, that the defendants acted with apposite care and propriety.
Deficiency in proof of the essential ingredient of want of probable cause renders obiter any discussion concerning the requisite element of malice. Parenthetically, there was no evidence of malice or any improper or wrongful motive (Dean v. Kochendorfer, 237 N. Y. 384, 389; Linitzsky v. Gorman, 146 N. Y. S. 313, 316).
Plaintiffs’ failure to prove malice and want of probable cause is fatal to their causes of action founded on malicious prosecution.
Accordingly, I find and conclude in favor of the defendants and against the plaintiffs on all causes of action and direct the clerk of the court to enter judgment to that effect. All motions on which decision was reversed are resolved in accordance with this determination.