■ WILLIAM CARRINGTON et al., Respondents-Appellants, v CITY OF NEW YORK, Defendant, WALL FURNITURE OUTLET, LTD. OF YORKVILLE, INC., Also Known as W.F.O., Also Known as WALL FURNITURE OUTLET, Respondent, and SHARUT FURNITURE, INC., Appellant-Respondent. [607 NYS2d 721] —In an action to recover damages, *inter alia,* for false arrest and imprisonment, the defendant Sharut Furniture, Inc. appeals from so much of an order of the Supreme Court, Kings County (Hutch-

erson, J.), dated November 25, 1991, as denied its motion for summary judgment dismissing the complaint insofar as it is asserted against it, and any cross claims against it, and the plaintiffs cross-appeal from so much of that order as granted that branch of the cross motion of the defendant Wall Furniture Outlet, Ltd., which was for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied the motion of Sharut Furniture, Inc., and substituting therefor a provision granting the motion, dismissing the complaint insofar as it is asserted against it, and all cross claims against it, and severing the action against the remaining defendants; as so modified, the order is affirmed insofar as appealed from, with one bill of costs payable by the plaintiffs to Wall Furniture Outlet, Ltd., and Sharut Furniture, Inc.

On May 19, 1988, the plaintiff William Carrington was expecting delivery of a five-piece wall unit which he had purchased for his apartment from Wall Furniture Outlet, Ltd. (hereinafter WFO). After delivering two of the pieces, the deliverypersons told Carrington that they could not fit the other pieces in the elevator and that they had to remove the first two pieces from the apartment. When Carrington refused to allow them to do so, some words were exchanged and the deliverypersons left. A few minutes later, Carrington answered the doorbell and was confronted by several police officers. After allegedly telling Carrington, "If you don't answer the questions here, you will answer them down at the precinct", an officer allegedly grabbed him by the collar, threw him down, handcuffed him, dragged him through the lobby of his building to a police car, and took him to the precinct, where he was handcuffed to a pole before being released.

We agree with the defendants WFO and Sharut Furniture, Inc. (hereinafter Sharut), that they are entitled to summary judgment dismissing the complaint insofar as it is asserted against them. To establish a cause of action to recover damages for false arrest or imprisonment, the plaintiffs must show, *inter alia,* that the defendants intended to confine the plaintiff *(see, Broughton v State of New York,* 37 NY2d 451, 456; *Ferretti v Town of Greenburgh,* 191 AD2d 608, 610). Because there is no claim that the deliverypersons, who the plaintiff alleges were employees of the defendant WFO, in any way restricted his ability to move, or confined him in any way, the plaintiffs must show that these defendants instigated his

arrest, thereby making the police WFO's agents in accomplishing their intent to confine the plaintiff. Here, the affirmation of the plaintiffs' attorney sets forth no evidence to show that the deliverypersons instigated Carrington's arrest or persuaded or influenced the police to arrest him. Therefore, the plaintiffs failed to set forth any facts in evidentiary form which would establish a cause of action to recover damages for false arrest (see, DeFillipo v County of Nassau, 183 AD2d 695, 696; Eisenkraft v Armstrong, 172 AD2d 484, 486; Impastato v Hellman Enters., 147 AD2d 788, 790).

Moreover, the plaintiffs' argument that the granting of summary judgment was premature because discovery was incomplete is without merit. Summary judgment should not be denied so as to allow discovery to go forward unless the facts essential to oppose the motion are exclusively within the movant's knowledge (see, Passaretti v Aurora Pump Co., 201 AD2d 475). Here, the plaintiffs cannot claim that the facts are exclusively within these defendants' knowledge, since that information is allegedly within the knowledge of the police and the deliverypersons in question, over which neither Sharut nor WFO have any control. Moreover, in opposing the motion for summary judgment dismissing the complaint, it was incumbent upon the plaintiffs "to submit evidentiary facts or materials, by affidavit or otherwise * * * demonstrating the existence of a triable issue of ultimate fact" (Indig v Finkelstein, 23 NY2d 728, 729; see also, Morales v Foodways, Inc., 186 AD2d 407, 409). Here, although nearly three years had passed from the commencement of the action until these defendants moved for summary judgment, the plaintiffs, without explanation, failed to depose either the deliverypersons or the police officers involved. To date, the plaintiffs have produced only the conclusory affidavit of their attorney, speculating that if the police and the deliverypersons were deposed, they might reveal facts tending to show that the deliverypersons instigated the arrest. Speculation as to what might be produced if discovery were to be had is not enough to defeat a motion for summary judgment (see, Auerbach v Bennett, 47 NY2d 619, 636; Rogan v Giannotto, 151 AD2d 655, 656; Pancake v Franzoni, 149 AD2d 575, 576; see also, Zuckerman v City of New York, 49 NY2d 557, 562).

We have considered the plaintiffs' remaining contentions and find them to be without merit. Sullivan, J. P., Rosenblatt, Pizzuto and Joy, JJ., concur.

■ CONTINENTAL BANK, Respondent, v J.D.S. VENDOR SER-