Percy KING and George Russell,
Plaintiffs–Appellants,

v.

CROSSLAND SAVINGS BANK and
American Express Company,
Defendants–Appellees.

No. 648, Docket 96–7468.

United States Court of Appeals,
Second Circuit.

Argued Dec. 19, 1996.

Decided April 7, 1997.

Ivan L. Van Leer, Van Leer & Greenberg, New York City, for Plaintiffs–Appellants Percy K. King and George Russell.

Harold S. King, Stern, King, Hoey, Toker & Eustace, New York City, for Defendant–Appellee Crossland Savings Bank.

Edwin M. Reiskind, Friend & Reiskind, New York City, for Defendant–Appellee American Express Company.

Before: KEARSE and CABRANES, Circuit Judges, and KELLEHER, District Judge.*

KELLEHER, District Judge:

Plaintiffs, Percy King and George Russell (collectively referred to as "plaintiffs"), appeal from the district court's issuance of an order granting defendants', Crossland Savings Bank and American Express Company ("Crossland" and "American Express," respectively, and collectively referred to as "defendants"), motions for summary judgment. Plaintiffs are two individuals, one of whom attempted to open an account at Crossland. When presented with nine third-party (*i.e.*, not made out to either of the plaintiffs) American Express Travelers' Cheques, Crossland telephoned American Express, which erroneously reported the checks as lost or stolen. Crossland then called the New York Police Department ("NYPD"), officers of which came to the bank and arrested King and Russell. The two men were not released until fourteen hours later, after American Express finally was able to communicate to the NYPD that the information provided was in error.

Before the district court, King and Russell claimed that American Express and Crossland should be liable for false imprisonment. Because neither American Express nor Crossland procured or instigated the arrest, however, the district court found for the defendants. King and Russell next asserted a claim for negligent misrepresentation against American Express. The district court again found for American Express because King and Russell, as plaintiffs, had not acted in reliance on the representations of American Express. Lastly, King and Russell had alleged that Crossland should be liable for negligence. The district court ruled in favor of Crossland because undisputed facts established that, as a matter of law, Crossland had not acted unreasonably. For the reasons that follow, we affirm the district court's grant of summary judgment.

## I. BACKGROUND

### A. *Factual History*

On December 6, 1985, Plaintiffs–Appellants Percy King ("King") and George Russell ("Russell") visited Crossland, with the purpose of having King open a Certificate of Deposit in the amount of one hundred thousand dollars ($100,000). Russell, who apparently frequented Crossland, referred King to a teller, then temporarily left the bank. While attempting to open the account, King produced seventy-seven negotiable instruments—nine of which were American Express Travelers' Cheques having a total value of five hundred seventy dollars ($570).

As Crossland reports to be customary procedure when dealing with third-party checks, the teller, or another employee at the bank, contacted American Express to confirm the status of the checks (*i.e.*, whether they had been reported lost or stolen). American Express advised Crossland that the travelers' checks had been reported lost or stolen. A

---

* Honorable Robert J. Kelleher, of the United States District Court for the Central District of California, sitting by designation.

Crossland employee then contacted the NYPD. The police arrived at the scene and arrested both King and Russell, the latter having returned to the bank shortly after the police had arrived. King and Russell were then detained at the 63rd Police Precinct of the NYPD.

Later that day, American Express became aware that erroneous information had been provided to Crossland and that the checks, in fact, had not been reported lost or stolen. At that time, American Express dispatched an agent to effect the release of King and Russell from detention by the NYPD. The agent went to the 63rd Police Precinct but was told that King and Russell could not be released until the booking process had been completed. The agent eventually was able to persuade the police to drop the criminal charges against King and Russell, who were consequently released. The NYPD had taken King and Russell into custody at around 11:00 a.m.; they were released from the 63rd Police Precinct fourteen hours later, at around 1:00 a.m.

## B. The District Court Decision

When the district court was presented with the defendants' motions for summary judgment, two causes of action against each defendant remained from those originally included in a complaint removed from the Supreme Court of New York, County of New York, on April 27, 1992. As against each defendant, King and Russell alleged both false imprisonment and negligence. In ruling on the summary judgment motion, the district court, in line with New York state law and based on the recommendation of a magistrate judge, construed plaintiffs' general negligence claim against American Express as one of negligent misrepresentation.[1] Notably, though King and Russell did contest the magistrate court's characterization of the claim as one of negligent misrepresentation when arguing before the district court, King and Russell do not expressly argue on appeal that the district court erred in similarly so doing.[2] Having so construed the plaintiffs' case, the district court then grant-

1. Such a characterization was made because the claim against American Express was, in actuality, founded in the alleged negligent passing of information from American Express to Crossland, who then relied on the information and reported King and Russell to the NYPD. The district court determined, and King and Russell have not expressly challenged on appeal, that the fact pattern of this case was akin to three New York cases where the state courts have held that the misrepresentation standard should be applied when the "negligence cause of action, in reality, is one for negligent misrepresentation although it is not denominated as such...." *Williams v. State*, 90 A.D.2d 861, 862, 456 N.Y.S.2d 491, 493 (3d Dep't 1982) (reconstruing a claim for negligence against the Department of Motor Vehicles (the "DMV") as one for negligent misrepresentation where the plaintiff was arrested by the police after the DMV mistakenly reported to the police that the plaintiff's license had been suspended), *overruling on other grounds recognized by, Boland v. State*, 161 Misc.2d 1019, 1028, 615 N.Y.S.2d 815, 821 (N.Y.Ct.Cl.1994); *see also Collins v. Brown*, 129 A.D.2d 902, 904, 514 N.Y.S.2d 538, 540 (3d Dep't 1987) (reaffirming the rationale of the negligent misrepresentation aspect of *Williams*); *Johnson v. State*, 166 Misc.2d 333, 340, 631 N.Y.S.2d 795, 799–800 (N.Y.Ct.Cl.1995) (holding where "no authority has been provided indicating that the negligent misrepresentation facet of *Williams* has been overruled, this court is bound to follow precedent from the Appellate Division").

2. When assessing a failure on the part of an appellant to challenge the clarification of an ambiguous claim, we have previously ruled that such a failure provides grounds to accept the district court's interpretation. *Walden v. Wishengrad*, 745 F.2d 149, 153 (2d Cir.1984) ("We accept the court's interpretation as correct, particularly because [appellant] has not argued on appeal that the district court misconstrued her legal theory."). However, in this case, implicit in several of plaintiffs' arguments on appeal is a challenge to the district court's decision to construe the claim as one for negligent misrepresentation. King and Russell, for example, spend considerable time exploring both the duty American Express is asserted to have owed to plaintiffs and the foreseeability that harm could result from American Express' passing of erroneous information. These discussions offer no real challenge to the district court's over-all judgment as to negligence on the part of American Express, which turned on the absence of plaintiffs' reliance and is discussed at length below. Read broadly, however, the discussions might instead be taken as a challenge to the district court's decision to proceed under the parameters of negligent misrepresentation. We thus briefly address that primary decision. In reviewing the reconstruction of the claim as one of negligent misrepresentation, we are aware that King and Russell may be, in effect, left without a cause of action against American Express—an entity that has admitted to having erroneously reported the checks in question as lost or stolen but will

ed the defendants' motions for summary judgment as to each of the false imprisonment, negligent misrepresentation, and negligence claims.

■ First, as to false imprisonment, New York courts require a plaintiff to show: (1) that the defendant intended to confine the plaintiff, (2) that the plaintiff was aware of the confinement, (3) that the plaintiff did not consent to the confinement, and (4) that the confinement was not otherwise privileged. *Broughton v. State*, 37 N.Y.2d 451, 456–57, 373 N.Y.S.2d 87, 93, 335 N.E.2d 310, 314, *cert. denied*, 423 U.S. 929, 96 S.Ct. 277, 46 L.Ed.2d 257 (1975). The key element of the test as it pertains to both defendant American Express and defendant Crossland is the intent requirement. To prove intent, a plaintiff must show that the defendant either: (a) confined or intended to confine the plaintiff or (b) affirmatively procured or instigated the plaintiffs' arrest. *Carrington v. City of New York*, 201 A.D.2d 525, 526–27, 607 N.Y.S.2d 721, 722 (2d Dep't 1994); *Williams*, 90 A.D.2d at 862, 456 N.Y.S.2d at 493. As against American Express, the district court ruled that far from intending to confine King and Russell or affirmatively instigating their arrest, American Express did nothing more than pass on information to Crossland. *Carrington*, 201 A.D.2d at 526–27, 607 N.Y.S.2d at 722 (noting that a defendant must confine, attempt to confine, or, in the context of police arrests, attempt to instigate the arrest). Similarly, with regard to defendant Crossland, because Crossland identified but did not direct the arrest of King and Russell, the district court again found that the "intent" requirement of false imprisonment could not be met.

Second, as to the negligent misrepresentation claim against American Express, under New York law a plaintiff must first establish that the defendant had a duty to give correct information. *International Products Co. v. Erie R. Co.*, 244 N.Y. 331, 338, 155 N.E. 662, 664, *cert. denied*, 275 U.S. 527, 48 S.Ct. 20, 72 L.Ed. 408 (1927). A plaintiff must then show that the defendant knew: (1) that the information was desired by plaintiff for a serious purpose, (2) that the *plaintiff* intended to rely and act upon it, and (3) that, if false or erroneous, he or she would because of it be injured in person or property. *Id.*, 155 N.E. at 664; *see also Eiseman v. State of New York*, 70 N.Y.2d 175, 187, 518 N.Y.S.2d 608, 614, 511 N.E.2d 1128, 1135 (1987). The district court ruled in favor of American Express, finding that King and Russell did not rely directly on any negligently provided information.

Third, as to the negligence claim against Crossland, the district court noted that New York courts require a plaintiff to show: (1) that the defendant owed the plaintiff a cognizable duty of care, (2) that the defendant breached that duty, and (3) that the plaintiff suffered damages as a proximate result of that breach. *Stagl v. Delta Airlines, Inc.*, 52 F.3d 463, 467 (2d Cir.1995); *Solomon v. City of New York*, 66 N.Y.2d 1026, 1027, 499 N.Y.S.2d 392, 392–93, 489 N.E.2d 1294, 1294–95 (1985). The district court held that although banks do owe a duty of care to their customers, by calling American Express to inquire whether the checks were stolen and by relying on the statements of American Express, Crossland, as a matter of law, can not be deemed to have acted unreasonably. For the following reasons the district court judgment is affirmed.

## II. DISCUSSION

### A. *Jurisdiction*

This action originally commenced in the Supreme Court of the State of New York,

nonetheless evade liability because King and Russell were not the parties to have relied on American Express' representations. Yet even though we may do so reluctantly, "federal courts are bound to apply state substantive law to [a] state claim." *Promisel v. First American Artificial Flowers, Inc.*, 943 F.2d 251, 257 (2d Cir. 1991) (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966); *Van Gemert v. Boeing Co.*, 553 F.2d 812, 813 (2d Cir.1977) ("It is the source of the right, not the basis of federal jurisdiction, which determines the controlling law.")), *cert. denied*, 502 U.S. 1060, 112 S.Ct. 939, 117 L.Ed.2d 110 (1992); *see also Rounseville v. Zahl*, 13 F.3d 625, 629 n. 1 (2d Cir.1994) (noting that a district court is bound to apply state law even when the court disagrees with the state law). Based on the trilogy of *Williams, Johnson*, and *Collins*, there can be no question but that a New York court would have construed the negligence claim against American Express as one of negligent misrepresentation. Accordingly, we affirm the district court's so doing.

County of New York. After the Federal Deposit Insurance Corporation ("FDIC") declared defendant Crossland insolvent on January 24, 1992, Crossland went into receivership. Upon Crossland's motion, this, and other related matters, were then removed to the district court on April 27, 1992. Crossland affirms that through the district court proceedings as well as on appeal, its status in receivership has remained unchanged. Such removal and the continuing jurisdiction of this Court to hear these purely state law causes of action is thus grounded in 12 U.S.C. § 1819(b)(2)(A)–(B) and 28 U.S.C. § 1331.

■ Though purely state law causes of action against a bank in receivership "[do] not implicate principles of conservatorship or receivership under state or federal law, and raise[ ] no federal issue of any kind," we have recently held that 12 U.S.C. § 1819(b)(2) "is part of a comprehensive scheme enacted by Congress to serve and promote incontestably federal goals on a comprehensive basis." *Mizuna, Ltd. v. Crossland Federal Savings Bank*, 90 F.3d 650, 656–57 (2d Cir.1996) (noting that the section was enacted as part of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989, Pub.L. No. 101–73, 103 Stat. 183 (codified in scattered sections of 12 U.S.C.)). Because the removal jurisdiction is part of a "comprehensive scheme" which comprises both pure jurisdictional provisions and federal law capable of supporting Art. III "arising under" jurisdiction, we reiterate our recent holding in *Mizuna* that the jurisdictional grant made under Section 1819(b)(2) is effective under Article III of the Constitution. *Id.* at 655–57.

■ Furthermore, once the district court exercised original jurisdiction over King and Russell's claims against Crossland under 12 U.S.C. § 1819(b)(2) and 28 U.S.C. § 1331, it also had supplemental jurisdiction over the plaintiffs' claims against American Express because the claims are clearly "so related" as to be part of the same controversy. *See* 28 U.S.C. § 1367(a) ("[T]he district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III ...."); *see also Mizuna*, 90 F.3d at 657. We therefore conclude that the district court had the power to decide this case, and, under 28 U.S.C. § 1291, it is properly before us on appeal, notwithstanding the absence of any federal law issue in the complaint or in the answers.

## B. *Standard of Review*

Summary judgment is appropriately ordered by the district court when there are no material issues of fact in dispute. *See* Fed. R.Civ.P. 56(c). Our role is thus to "determine if the district court properly held there were no genuine factual issues for trial...." *Motor Vehicle Mfrs. Ass'n v. New York State Dep't of Envtl. Conservation*, 79 F.3d 1298, 1304 (2d Cir.1996). In examining this question, the Court is to look at the evidence in the light most favorable to the nonmoving parties and "apply a *de novo* standard of review to ensure that the substantive law was correctly applied." *Id.; In re Westport Bank & Trust Co. v. Geraghty*, 90 F.3d 661, 668 (2d Cir.1996); *Fund for Animals v. Babbitt*, 89 F.3d 128, 132 (2d Cir.1996); *Crowley v. Courville, et al.*, 76 F.3d 47, 51 (2d Cir. 1996).

## C. *False Imprisonment*

■ We affirm the district court's judgment granting the defendants' motions for summary judgment as to the false imprisonment claims. To succeed on a claim of false imprisonment, a plaintiff must show: (1) that the defendant *intended* to confine the plaintiff, (2) that the plaintiff was aware of the confinement, (3) that the plaintiff did not consent to the confinement, and (4) that the confinement was not otherwise privileged. *Broughton*, 37 N.Y.2d at 456–57, 373 N.Y.S.2d at 93, 335 N.E.2d at 314. To prove intent, the defendant must have either: (1) confined or intended to confine plaintiffs, or (2) affirmatively procured or instigated the plaintiff's arrest. *Carrington*, 201 A.D.2d at 526–27, 607 N.Y.S.2d at 722; *Williams*, 90 A.D.2d at 862, 456 N.Y.S.2d at 493 ("Merely providing information [to the police], even when subsequently found to be in error, resulting in the arrest of an innocent man, does not subject the informant to liability for false

imprisonment."). With regard to both defendants, the element of intent is absent.

As to American Express, the district court found that American Express merely furnished information to Crossland. To be liable for false imprisonment, the plaintiff must prove that the defendant *intended* or *instigated* the confinement of the plaintiff. This clearly did not happen on the facts before us. Regardless of what duty American Express owed King and Russell, and regardless of whether or not this duty was breached via negligence, or even recklessness, King and Russell put forth no evidence that American Express either provided information directly to the NYPD or *intended* that King and Russell be confined by the NYPD. When police independently act to arrest a suspect on information provided by a party, that party is not liable for false imprisonment—even if the information provided is later found to be erroneous. *See Dizazzo v. Miss Carolina Sportswear, Inc.*, 11 Misc.2d 1029, 1031, 175 N.Y.S.2d 939, 942 (Sup.Ct. 1958) (finding that "defendants did nothing more than report a suspected crime" and "there was simply a communication of facts or circumstances of suspicion").

King and Russell raised this issue on appeal but did not offer cogent argument relevant to the holding of the district court that American Express only provided information to Crossland and did not intend to imprison King and Russell. Instead, King and Russell offered extended discussion of American Express' asserted duty to provide accurate information—which in no way addresses the district court's finding that American Express merely provided information (albeit erroneous) to Crossland. Because American Express provided no information to the NYPD, its actions cannot be said to have risen to the level of directing or instigating an arrest. Accordingly, as to American Express, we affirm the district court's judgment on the false imprisonment claim.

On the question of false imprisonment as to Crossland, we again affirm the district court's judgment. On appeal, King and Russell spend a great deal of energy arguing about the duty Crossland may have owed to King and Russell; breach of a duty,

however, is not an element of the cause of action for false imprisonment. To hold a defendant liable as one who affirmatively instigated or procured an arrest, a plaintiff must show that the defendant or its employees did more than merely provide information to the police. *DeFilippo v. County of Nassau*, 183 A.D.2d 695, 696, 583 N.Y.S.2d 283, 284 (2d Dep't 1992). The mere identification of a potential culprit does not give rise to liability. *See, e.g., Stearns v. New York City Transit Authority*, 24 Misc.2d 216, 219–20, 200 N.Y.S.2d 272, 276 (1960) ("It is the law of this state that the mere furnishing of information to the police will not subject the informant to liability in an action for false arrest when an arrest of an innocent accused results from such information."), *aff'd*, 12 A.D.2d 451, 209 N.Y.S.2d 264 (1st Dep't 1960); *DeFilippo*, 183 A.D.2d at 696, 583 N.Y.S.2d at 284 (where two bank employees merely identified plaintiff as the bank robber, plaintiff's false imprisonment claim against the bank should have been dismissed). Further, if a defendant erroneously reports a suspected crime, but in no other way instigates the arrest, he is not liable for false imprisonment. *Dizazzo*, 11 Misc.2d at 1031, 175 N.Y.S.2d at 942. As King and Russell provided no evidence on summary judgment that Crossland did more than identify the holders of reportedly stolen travelers' checks to officers of the NYPD, we affirm the finding of the district court that Crossland did not direct the agents of the NYPD to arrest King and Russell and therefore cannot be held liable on a claim for false imprisonment.

### D. *American Express and Negligent Misrepresentation*

To succeed on a claim of negligent misrepresentation, a plaintiff must first establish that a defendant has a duty to give correct information to the plaintiff. *International Products Co.*, 244 N.Y. at 338, 155 N.E. at 664. A plaintiff must then show that the defendant knew: (1) that the information was desired by plaintiff for a serious purpose, (2) that the *plaintiff* intended to rely and act upon it, and (3) that, if false or erroneous, he or she would because of it be injured in person or property. *Id.*, 155 N.E.

at 664; *see also Eiseman v. State of New York,* 70 N.Y.2d at 187, 518 N.Y.S.2d at 614, 511 N.E.2d at 1135. On the pivotal point of reliance, we have previously held that a plaintiff must prove reasonable reliance "under New York law to recover for ... negligent misrepresentation." *Harsco Corp. v. Segui,* 91 F.3d 337, 342 (2d Cir.1996) (citing *Heard v. City of New York,* 82 N.Y.2d 66, 74–76, 603 N.Y.S.2d 414, 418–19, 623 N.E.2d 541, 545–46 (1993)).

■■■■ On appeal, King and Russell primarily assert that American Express owed a heightened duty to King and Russell and that negligent third-party providers of information, such as American Express, can be held liable in the context of false arrests. As to their first proposition, plaintiffs' efforts are misguided. The presence or absence of a "duty" owed to King and Russell by American Express was not dispositive in the lower court. Rather, the district court granted summary judgment because under New York law a cause of action for negligent misrepresentation can be maintained only when the plaintiff *himself or herself* relies on statements made by the *defendant. Williams,* 90 A.D.2d at 862, 456 N.Y.S.2d at 493 (holding that a claim for negligent misrepresentation could not stand where the police, not the plaintiff, relied on statements made by the DMV); *see also Johnson,* 166 Misc.2d at 340, 631 N.Y.S.2d at 799–800; *Collins,* 129 A.D.2d at 904, 514 N.Y.S.2d at 540. Here, as in *Williams, Johnson,* and *Collins,* the plaintiffs did not rely on the representations made by the defendant. Instead, Crossland and, by extension, the NYPD relied on the representations. Accordingly, where reliance by King and Russell is absent, we hold that American Express cannot be held liable for negligent misrepresentation.

In attempting to circumvent the requirement that King and/or Russell be the party or parties who relied on the erroneous representations, King and Russell point to the case of *Testa v. Winquist,* 451 F.Supp. 388 (D.R.I.1978). In *Testa,* the plaintiff alleged numerous harms flowing from his false arrest by police who had relied on information erroneously provided by the National Computer Information Center ("NCIC")—a non-

state private entity which kept computerized records on cars reported as stolen. *Id.* at 390. The *Testa* court, a district court in the First Circuit applying Rhode Island law, allowed a third-party action by the police against the NCIC to proceed because the court found that the plaintiff could have brought an action against the NCIC for failure to store accurate information. *Id.* at 395 ("When breach of this duty to maintain accurate records results in a false or unconstitutional arrest ..., the arrestee has a cause of action against those who breached this duty."). Contrary to the representations of the defendants, the *Testa* court did hold that even where direct reliance on the part of the injured plaintiff is absent, a party like American Express *can* be held liable for making negligent representations. *Id.*

King and Russell urge that the *Testa* holding is in line with these "current and modern days" where a "vast amount of information is stored in computer data bases." (Brief of King and Russell, at 6). In acknowledging a duty to maintain accurate records, the *Testa* court addressed the same issue now before us—whether a defendant who arguably has a duty to provide accurate information may nonetheless escape liability because the plaintiff did not directly rely on the defendant's misrepresentation. The court found that such a defendant could not escape liability. Yet whatever the merits and appeal of such a holding may be, we, along with the district court below, are not operating in uncharted waters, as was the court in *Testa.* The *Testa* court was acting under the parameters of Rhode Island law, which had not yet addressed this issue. Quite to the contrary, under the trilogy of cases discussed above, the New York courts have faced the exact fact pattern litigated in *Testa* but have taken a divergent path by characterizing such claims as claims for negligent misrepresentation. *Williams,* 90 A.D.2d at 862, 456 N.Y.S.2d at 493; *Johnson,* 166 Misc.2d at 340, 631 N.Y.S.2d at 799–800; *Collins,* 129 A.D.2d at 904, 514 N.Y.S.2d at 540. As the New York courts have not recognized a duty to store information accurately and instead squarely instruct that providers of erroneous information such as American Express cannot be held liable unless each of the elements

of negligent misrepresentation is met, we give no weight to the holding in *Testa.*

Plaintiffs' remaining arguments (that American Express assumed a duty, and that it was foreseeable that King and Russell would be confined following the alleged negligence of American Express) are also without merit. Negligent misrepresentation requires that the plaintiff rely on a statement made by the defendant, and, as has been discussed, this simply did not occur. Accordingly, we find that further arguments as to duty and foreseeability need not be addressed in reviewing the decision of the district court. King and Russell having offered no meritorious arguments on appeal, we affirm the judgment of the district court on the negligent misrepresentation claim.[3]

### E. *Crossland and Negligence*

■ Lastly, King and Russell have challenged the district court's conclusion on summary judgment that Crossland cannot, as a matter of law, be found negligent, given that King and Russell set forth no facts whatsoever even hinting that Crossland's actions were unreasonable. The district court was guided by the summary judgment standard mandating that summary judgment is proper when "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). We agree with the district court that summary judgment is highly unusual in a negligence action where the assessment of reasonableness generally is a factual question to be addressed by the jury. *See Ortiz v. Rosner,* 817 F.Supp. 348, 350 (S.D.N.Y.1993); *see also INA Aviation Corp. v. United States,* 468 F.Supp. 695, 699 (E.D.N.Y.), *aff'd,* 610 F.2d 806 (2d Cir.1979) ("[N]egligence questions are properly resolved at trial because, upon a

motion for summary judgment, a court may not try issues of fact; it may only determine whether there are factual issues to be tried."). Summary judgment, however, is nonetheless appropriate when the non-moving party has failed to set forth any facts that go to an essential element of the claim.

■ Within this framework, the district court held that summary judgment was appropriate because no rational jury could find that Crossland acted unreasonably. To sustain a claim for negligence, a plaintiff must show that the defendant owed the plaintiff a cognizable duty of care, that the defendant breached that duty, and that the plaintiff suffered damages as a proximate result of that breach. *Stagl,* 52 F.3d at 467; *Solomon,* 66 N.Y.2d at 1027, 499 N.Y.S.2d at 392–93, 489 N.E.2d at 1294–95. Conceding that banks do, in fact, owe a duty of care to their customers, the district court found that King and Russell presented no facts showing a breach of that duty. To the contrary, the record indicates that upon presentment of the checks, an agent of Crossland first contacted American Express to verify the validity of the checks and then reported the possibility that the checks had been lost or stolen to the NYPD, based upon representations to that effect made by American Express. The district court found on these facts that King and Russell had not even hinted that Crossland did anything wrong; the court held that the bank in no way could be found to have acted unreasonably.

Plaintiffs' challenges to the district court's judgment are without merit. First King and Russell contend that there was no need for Crossland to point out Russell to the officers of the NYPD, given that Russell had only brought King to the bank and was not involved in presenting the thought-to-be-stolen checks to the bank. Second, King and Rus-

---

**3.** In affirming the district court's opinion, we note that plaintiffs such as King and Russell may be left in somewhat of a vacuum with no legal recourse. The Court, accordingly, has spent some time exploring whether, under New York law, a holder in due course of travelers' checks might, instead, bring a *breach of contract* cause of action against an issuing entity—under third-party beneficiary or assignee theories of contract—when the issuing entity is alleged to have

provided inaccurate information to a bank as to the status of presented checks. Ultimately, however, the parties have not argued, and the district court did not consider, possible causes of action grounded in contract, and we therefore intimate no view on any such matter. *See Singleton v. Wulff,* 428 U.S. 106, 120, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976) ("It is the general rule ... that a federal appellate court does not consider an issue not passed upon below.").

sell argue that the decision to verify the checks by calling American Express—both generally and because King only deposited, rather than withdrew, funds—was a "common sense" determination that warranted a review by the jury as to its "reasonableness."

■ As to the first question, whether or not it was reasonable to call the NYPD as to the non-banking Russell, there is nothing in the record that supports the notion that Crossland breached a duty. Crossland relied on information from American Express to the effect that King had presented lost or stolen checks. Crossland then called the NYPD. After agents of Crossland explained to the officers what had transpired, the officers arrested both men. Assertions as to the reasonableness of arresting Russell in particular might be directed toward the NYPD, but, we hold, not toward Crossland. As Crossland only provided information to the NYPD, and the police then decided who to arrest, Crossland cannot in any way be said to have been negligent in their actions toward Russell.

■ We also hold that the district court was correct in finding that there was no evidence that Crossland's actions in investigating the validity of the presented checks were in any way unreasonable. Crossland called American Express—using a number provided by American Express for that purpose—to check the status of the third-party travelers' checks. This is a safety precaution. There was uncontroverted testimony on the record, offered by an agent of Crossland, that the call to American Express was effected after a "common sense" determination. From this one comment, King and Russell assert that a jury review of reasonableness is called for, to answer whether it was indeed reasonable for the teller to have called American Express.

Plaintiffs' basic assertion, however, is that Crossland simply should not have telephoned American Express (both generally and, specifically, because money was being deposited, not withdrawn). Yet Crossland's communicating with American Express in such a situation can only support the opposite conclusion than that which King and Russell would have us reach. Inquiring as to the validity of presented checks can only be considered a *more* careful step than depositing checks that may, in fact, have been reported lost or stolen. Rather than putting forth facts as to breach of a duty owed to King and Russell, plaintiffs point to undisputed facts showing that Crossland was acting with a heightened level of care. King and Russell having presented no facts on summary judgment as to an alleged breach on the part of Crossland, we find that the negligence claim against Crossland was properly decided on summary judgment. Accordingly, we affirm the district court's holding on the negligence claim against Crossland.

### III. CONCLUSION

We have considered all of King and Russell's contentions on appeal and find them to be without merit. Neither American Express nor Crossland can be held liable for false imprisonment where each defendant merely provided information and/or pointed out suspected culprits to the NYPD. As to the negligent misrepresentation claim against American Express, this defendant made representations to Crossland, and, by extension, to the NYPD, but not to King and Russell, and thus American Express cannot be held liable. With regard to the negligence claim against Crossland, we hold that, as a matter of law, this defendant did not act unreasonably; no facts having been put forth as to the breach of a duty, the district court was correct in granting summary judgment.

The judgment of the district court is affirmed.