AMW MATERIALS TESTING, INC.
and Anthony Antoniou, Plaintiffs–
Counter–Defendants–Appellants,

v.

TOWN OF BABYLON, Defendant–
Counter–Claimant–Appellee,

North Amityville Fire Company,
Inc., Defendant–Counter–
Claimant–Appellee.

No. 05–0206–cv.

United States Court of Appeals,
Second Circuit.

March 28, 2006.

Joan Ferretti, Lustberg & Ferretti, Glen Falls, NY (Robert M. Lustberg, on

the brief), for Plaintiffs–Counter–Defendants–Appellants.

Richard Ricci, Lowenstein Sandler, P.C., Roseland, NJ (Stephen W. Smithson, on the brief), for Defendants–Counter–Claimants–Appellees.

Present: ROSEMARY S. POOLER, B.D. PARKER, Circuit Judges, WILLIAM H. PAULEY, III,* District Judge.

## SUMMARY ORDER

Plaintiffs-counter-defendants-appellants AMW Materials Testing, Inc. ("AMW") and Anthony Antoniou ("Antoniou"), collectively ("plaintiffs"), appeal from a December 20, 2004, order and December 23, 2004, judgment of the United States District Court for the Eastern District of New York (Spatt, *J.*) granting summary judgment in favor of the Town of Babylon ("Town") and the North Amityville Fire Company, Inc. ("Fire Department"), collectively ("defendants"), and dismissing plaintiffs' complaint. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

This action arose from a fire that erupted at AMW's place of business located in the Town. Plaintiffs claim that improper methods were employed by the Fire Department to extinguish the fire, which caused violent reactions with chemicals located on the premises and spread the fire. Plaintiffs brought federal claims against defendants under Sections 113(f)(1), 42 U.S.C. § 9613(f)(1), and 107(a), 42 U.S.C. § 9607(a), of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"). They also brought state claims for negligence and violations of New York Navigation Law. The district court dismissed all claims on summary judgment. We affirm the dismissal of the Section 113(f)(1) claim and vacate the dismissal of the Section 107(a) claim, the state negligence claim, and the New York Navigation Law claim. We address each of these claims in turn, reviewing the district court's grant of summary judgment de novo. *See Trans Sport, Inc. v. Starter Sportswear, Inc.,* 964 F.2d 186, 188 (2d Cir.1992).

■ (1) We affirm the district court's grant of summary judgment on plaintiffs' Section 113(f)(1), 42 U.S.C. § 9613(f)(1) claim. The Supreme Court has held that "contribution [under Section 113(f)(1)] may only be sought subject to specified conditions, namely, 'during or following' a specified civil action." *Cooper Indus. v. Aviall Servs., Inc.,* 543 U.S. 157, 125 S.Ct. 577, 583, 160 L.Ed.2d 548 (2004). Although plaintiffs are correct that the Court left open whether a Section 106 abatement order qualifies as a "civil action" within the meaning of this statute, *see Cooper Indus.,* 125 S.Ct. at 584 n. 5., they have failed to show that such an order was issued in the instant case. Because plaintiffs failed to satisfy the statutory requirements for bringing a claim of contribution under Section 113(f)(1), we affirm the grant of summary judgment in this respect.

■ (2) We vacate summary judgment and remand as to the Section 107(a) claim. The district court ruled on this claim without the benefit of recent precedent from this Circuit, which has created an issue of material fact rendering summary judgment improper in the instant case. That case, *Consol. Edison Co. v. UGI Utils., Inc.,* 423 F.3d 90 (2d Cir.2005), makes

---

* The Honorable William H. Pauley, III, of the United States District Court for the Southern District of New York sitting by designation.

relevant to determine, inter alia, whether and to what extent plaintiffs incurred response costs voluntarily. *Id.* at 102. This is of course a question of fact appropriately addressed by the district court. *See Peck v. Pub. Serv. Mut. Ins. Co.,* 326 F.3d 330, 338 (2d Cir.2003). We therefore vacate the district court's grant of summary judgment on plaintiffs' Section 107(a) claim so that this factual finding may be made, and if appropriate, the claim may proceed to trial. On remand, the court may also determine whether plaintiffs incurred "necessary costs of response" as required for recovery under Section 107(a), assuming it finds that in light of *Consolidated Edison,* this section applies. *Consol. Edison Co.,* 423 F.3d at 99.

■ The district court also found that even if plaintiffs could bring suit under Section 107(a), they failed to make out a prima facie case under that section because defendants were not "operators" within the meaning of Section 107(a). It was incorrect to find that defendants were not operators as a matter of law. CERCLA does not contain a helpful definition for "operator," but it has been defined through case law. *See* 42 U.S.C. § 9601(20)(A); *United States v. Bestfoods,* 524 U.S. 51, 65, 118 S.Ct. 1876, 141 L.Ed.2d 43 (1998). According to this case law, an "operator is simply someone who directs the workings of, manages, or conducts the affairs of a facility." *Bestfoods,* 524 U.S. at 66, 118 S.Ct. 1876. This has been interpreted broadly. A person may be an "operator" "regardless of whether that person is … even a saboteur who sneaks into the facility at night to discharge its poisons out of malice." *Id.* at 65, 118 S.Ct. 1876. Giving plaintiffs the benefit of every inference, as we must on appeal from summary judgment, there remains a dispute of fact over whether the Town and Fire Department were "opera-

tor[s]" while they were controlling the premises to extinguish the fire. The parties dispute how much control was exercised by defendants. They also dispute whether and to what extent hazardous substances were released under defendants' alleged control, but these are issues appropriately addressed by the trier of fact.

■ Similarly, it was improper to find as a matter of law that defendants were statutorily immune from liability under 42 U.S.C. § 9607(d)(2). This immunity does not exist for gross negligence or willful misconduct, and, as discussed *infra,* it was inappropriate to find such culpability absent as a matter of law.

■ (3) For this reason, it was also improper to grant summary judgment on plaintiffs' negligence claim. This is because the standard for granting summary judgment on this claim is quite high, *King v. Crossland Sav. Bank,* 111 F.3d 251, 259 (2d Cir.1997), and "[g]enerally, the particular standard of care which a defendant is judged against in a given case is a factual matter for the jury." *Food Pageant, Inc. v. Consol. Edison Co.,* 54 N.Y.2d 167, 172, 445 N.Y.S.2d 60, 429 N.E.2d 738 (N.Y. 1981). This is true even when the standard is gross negligence, *id.* at 172–73, 445 N.Y.S.2d 60, 429 N.E.2d 738, and when a municipality has breached its special duty of care that arises during the course of administering emergency services, *De Long v. County of Erie,* 60 N.Y.2d 296, 305–06, 469 N.Y.S.2d 611, 457 N.E.2d 717 (N.Y.1983).

The standard for determining whether a municipality has a duty during the administration of emergency services has been summarized as follows: "If conduct has gone forward to such a stage that inaction would commonly result, not negatively merely in withholding a benefit, but positively or actively in working an injury,

there exists a relation out of which arises a duty to go forward." *Id.* at 305, 469 N.Y.S.2d 611, 457 N.E.2d 717 (internal citation and quotations omitted). This duty may arise in three different ways: (1) when the municipality violates a statutory duty enacted for the benefit of a particular class of persons of which the plaintiff is one; (2) when it voluntarily assumes a duty that generates justifiable reliance; (3) when the municipality assumes positive direction and control in the face of known, blatant, and dangerous safety violations. *Pelaez v. Seide,* 2 N.Y.3d 186, 199, 778 N.Y.S.2d 111, 810 N.E.2d 393 (N.Y.2004).

In determining that no duty was owed to plaintiffs, the district court made many factual assumptions unsupported by the record. For instance, a finding was made that by the time defendants arrived on the scene, the fire had already extended throughout the building. This is not clear, however, and according to plaintiffs, the Fire Department's actions actually caused the fire to spread and worsen. The district court made similar assumptions during its discussion of the reliance element, and its conclusion that any reliance was "absurd." The court also improperly required *detrimental* reliance, citing to *De Long,* 60 N.Y.2d at 305–06, 469 N.Y.S.2d 611, 457 N.E.2d 717 for this proposition, but this case merely requires reliance, not detrimental reliance. *See id.* at 306–07, 469 N.Y.S.2d 611, 457 N.E.2d 717. The district court thus erred by concluding that reliance was lacking as a matter of law because the reliance was not detrimental. We therefore vacate and remand plaintiffs' negligence claim, so that it may proceed to trial if the district court otherwise finds that plaintiffs can state a claim.

(4) We similarly vacate and remand the grant of summary judgment on plaintiffs' New York Navigation Law claim. According to N.Y. Nav. Law § 181(1), any person who discharges petroleum into the environment is strictly liable. However, fire departments are only liable if grossly negligent or willful in discharging the substance. N.Y. Nav. Law § 181(6). As discussed above, it was improper to find such culpability lacking as a matter of law. Additionally, this exemption is for fire departments only, therefore it does not resolve whether and to what extent the Town is liable under Section 181(1).

Finally, the court's discussion of this claim was brief and filled with conclusory factual statements regarding the court's impression that all of the kerosene must have been discharged by the time certain remedial action occurred during the fire fighting. Plaintiffs point to evidence in the record suggesting a dispute over whether and to what extent kerosene may have been discharged by the Town and/or Fire Department during clean up. Indeed, defendants concede that the "Town and Fire [Department] raised a genuine issue of material fact [regarding] whether any petroleum was actually discharged during the fire." *See* Appellee's Br. at 37. We therefore reverse the district court's grant of summary judgment on this claim and remand for trial whether or not the plaintiffs can state a CERCLA claim.

Accordingly, for the reasons set forth above, the judgment of the District Court is hereby **AFFIRMED in part and VACATED and REMANDED in part.**